Per Curiam.
Judgment affirmed, with $10 costs, on opinion-of special term.
The opinion of Mr. Justice Patterson at special term is as follows :
The question in this case relates to the sufficiency of the power-of sale pursuant to which the plaintiff claims she can convey a title in fee simple to the premises referred to in the complaint. It. is understood that both parties desire to complete the contract, specific performance of which is sought in this action; but the defendant questions the right of the plaintiff to give a valid title. If this power—namely, that contained in the second clause of Mr. McCready’s will—is to be considered as a simple power in trust,, ■and one limited and restricted to the power of paying debts, legacies, or for distribution, it might be regarded as insufficient to-authorize the conveyance tendered by the plaintiff, when the-eighth clause of the will is taken into consideration, from which clause it may be successfully argued that the 'absolute power of alienation is suspended during four minorities, and hence that the power of sale, being in aid of a perpetuity, cannot be supported, and that a conveyance pursuant to it would not clothe the purchaser of the land with a valid title. But it would seem that this-power is one of the character to be exercised when, “in the judgment of the'donee, the prudent or profitable management of the-property required its exchange into some safer or more remunerative investment,” and it is one that could be exercised or omitted at the discretion of the donee; and it seems to me, taking the whole scope- and purpose of the testator’s will into consideration, that it was the intent of the testator, by the power contained in the second clause of the will, to grant to the executrix and trustee- *815 a complete power of disposition of all the testator’s real estate im her discretion. If we examine critically this second clause of the-will, we ascertain that the power of sale is associated with the-widest latitude of management and control of the whole estate.. We find that it is a power created at the beginning of the instru-. ment before any dispository provision is mentioned; that it stands-separate from any other provisions of the will; and that it is not-by necessary construction made inseparable from the trust which is created in the residuum of the estate. This clause confers not. only a power of sale, but in terms an “ authority to mortgage,, sell, or otherwise dispose of any and all real estate of which I may die seised, either at public or private sale, and to give good and sufficient deed or deeds for the proper conveyance of the same.’’' There is no limit to this discretionary power. It may be exercised for any legitimate purpose satisfactory to the executrix. Standing: by itself, it neither promotes nor otherwise affects the establishment of the trust, whether the land is converted into money or kept in specie or a division is made or not. In the case of' Benedict v. Webb, 98 N. Y. 460, it was held that, under the terms-of the will, the power could not be executed as a separate and independent provision, and that, as it could .be exercised only in furtherance of the establishment of a void trust, it could not be: upheld. But that does not seem to me to be the effect of this power when we come to consider other provisions of the will. The intention of the testator in the creation of this power must be ascertained, and of course, if ascertained, is to control; and I think it is clear from other provisions of the will that this was a general power of sale, embracing the widest power of disposition that could, be granted to the discretion of an executor or trustee, for it is associated with an authority to mortgage, sell, or otherwise dispose-of the testator’s land. The words “ otherwise dispose of ” are-somewhat vague ; but they certainly have some meaning, and were employed with some intention. I have suggested that this power of sale, standing alone, has great significance as indicative of the-testator’s intention, and a study of this will will further disclose that the testator meant it to be operative independently. Coming to the examination of the sixth clause of the will, we ascertain precisely what the scheme of the testator was with respect to the-creation of the trust which is claimed to be invalid. It is obvious that the testator’s intention was to grant another power with reference to the sale of the land for the purpose of constituting the alleged invalid trust, and that, therefore, he has conferred two powers of sale; and the fair inference is that the one—the first power—was a general power of disposition, by the exercise of which the executrix and trustee could by deed convey good title, and that, if she did not exercise that power, the additional and implied power contained in the sixth clause was to be exercised for the purpose of the constitution of the trust referred to in the sixth clause. It will be observed that, by the provisions of the will last referred to, the executrix is required to invest all the real estate, as well as other property of the testator, in certain specified securities of a particular character. Of course, that could- *816 not be done without disposing of the real estate; and this clause operates as an equitable conversion of the realty into personalty for the purposes of the trust, and an implied power of sale therefore exists. Whether the purposes of the trust are valid or invalid does not affect the question of the intention of the testator in making this provision of his will; but the provision itself shows that there must have been in his mind a distinction between the two powers, and that he did not intend the first—a general power —to be cut down simply to the purposes of the creation of the trust. It seems to me, therefore, that this power contained in the second clause is independent of the power in trust, and that it is unnecessary to consider the question of the invalidity of the trust, for, if the trust is void, the estate would pass to the heirs at law of the testator, subject to the execution of the power contained in the second clause; and it may well be that this power was intehded to facilitate a division of the testator’s estate irrespective of the trust if, for any reason, that trust could not be constituted lawfully. I think the power can be upheld, and that such construction should be given to it as would uphold it according to the intention of the testator; and, if this construction is right, the defendant can acquire a good title by the conveyance tendered.
The will of decedent is as follows:
I, Benjamin W. McOready, physician, of the city, county, and state of New York, do hereby make, publish, and declare this as, and for my last will and testament: First. I hereby revoke, annul, and declare void and of no effect each and every will, testament, or codicil thereto, by me at any time heretofore made, published, and declared. Second. I make, constitute, and appoint my daughter Mary Louisa McOready, of the city, county, and state of New York, sole executrix of this, my last will and testament; and L give and grant unto her, in her discretion, full power and authority to mortgage, sell, or otherwise dispose of any and all real estate of which I may die seised, either at public or private sale, and to give good and sufficient deed or deeds for the proper conveyance of the same. And I hereby direct that no bonds or securities shhll be required of my said executrix. Third. I direct that all my* just debts aud funeral expenses first be paid out of my estate. Fourth. I give to my niece Elizabeth Hills, of Harlem, New York, two thousand dollars. Fifth. I give all my household furniture, books, pictures, silver, bric-a-broc, ornaments, etc., to my said daughter, Mary Louisa McOready, now residing with me. Sixth. All the rest, residue, and remainder of my property, whether real, personal, or mixed, and wherever the same may be situated, I give, devise, and beqeath to my said executrix, Mary Louisa McOready, in trust, nevertheless, for the following express purposes : To invest „and keep invested the same in bond or bonds secured by mortgage upon improved real estate situated in the cities of New York or Brooklyn, or in bonds or other dividend paying securities of the city, county, or state of New York, or of the United States of America; and to receive the rents, issues, income, and profits thereon ; and to apply the same" to the following purposes, to wit: To divide such income into four equal *817 parts, and to pay over one of such parts to each of my daughters, namely, Mary Louisa McCready, Frances Jane Harris, and Elizabeth Beck Sykes, except as the same may be diminished by the respective payments hereinafter provided for, and to divide the remaining one of said parts among the children of my deceased son, Thomas Lawrence McCready, equally, share and share alike. Seventh. Upon the death of either of my said daughters, to pay over the one-fourth part of the principal of my said residuary estate, except as her share may be reduced by the subsequent provisions of this will, to such person or persons as such deceased daughter may by last will or testament duly executed nominate and appoint. Eighth. To pay over to each of the children of my deceased son, Thomas Lawrence McCready, as they shall severally arrive at the age of twenty-one years, the sum of two thousand dollars; and, upon the arrival of the youngest survivor of said children at the age of twenty-one years, to distribute the residue of said remaining one-fourth part to such children of said Thomas Lawrence McCready as may then survive, share and share alike. Hi nth. In case either of my said daughters should die without a will, leaving children her surviving, then the principal sum of her said one-fourth part to be divided equally among the children of said deceased daughter. Tenth. I give to my daughter Elizabeth Beck Sykes the house in which she now lives, at Scotch Plains, 1ST. J., valuing it at $6,000, in fee simple absolute, to her and her heirs forever ; such amount to be deducted from the one-fourth portion of my estate set apart for her benefit under the terms of this my will, as hereinbefore provided. Eleventh. I give to my daughter Mary Louisa McCready the sum of six thousand dollars, to be deducted from the one-fourth portion of my estate set apart for her benefit, as hereinbefore provided. Twelfth. I give to my daughter Frances Jane Harris all advancements made and hereafter to be made by me; the same to be deducted from the one-fourth portion of my estate set apart for her benefit, as hereinbefore provided.