Davis, J.
This action is brought by the trustees under the will of Henry Cary for an adjudication as to the persons now entitled to a one twenty-eighth part of the real and personal property belonging to the residuary estate of Henry Cary, who died on the 18th of August, 1857, and whose will was admitted to probate by the surrogate of the county of Hew York *382 November 9, 1857. Under the 13th clause of his will Henry Cary gave and bequeathed “ all my said residuary estate, real and personal, after the fulfillment- of all the duties and trusts herein declared, or such of them as shall be legal and valid, to my four married brothers, Thomas, George, Robert and William, in equal portions, share and share alike, hereby constituting them my residuary legatees and devisees, the child or children of any deceased one of said brothers to take such share as his, her or their parent would have been entitled to if living. ’ ’ This clause of the will was construed by this court in a decree made on the 21st day of January, 1919, in an action for leave to account brought by these plaintiffs.* The court found that the remainder interests created by the 7th, 8th 9th, 10th, 11th and 12th clauses of Henry Cary’s will vested upon the death of the testator in his brothers, Thomas G. Cary, George B. Cary, Robert H. Cary and William F. Cary, referred to in the 13th clause of his will, “ each of whom thereupon became entitled to an indefeasible estate in remainder in an undivided one-fourth of each of the said trust funds, and that the respective remainders were descendible, devisable and alienable; and the part of the said residuary estate which remained after providing for and setting up said trusts passed to and indefeasibly vested in the said residuary legatees and devisees upon the death of the said testator by virtue of the provisions of the said thirteenth item of the said will.” The testator’s four brothers survived him. Thomas G. Cary, one of these four brothers, died July 2, 1859, a resident of Massachusetts, entitled, as stated above, to a one-fourth interest in Henry Cary’s residuary estate. His will with two codicils was admitted to probate in *383 Massachusetts October 10,1859. He left a widow and seven children, two sons and five daughters, one of whom was Emma F. Cary. Thomas G. Cary, after giving certain money legacies to his children, gives his residuary estate to his wife. If his wife predeceased him, he gave his residuary estate to his two sons in trust, to divide into shares, a share for each of his children living and a share for the issue of each child who had died. He directs that the share of each daughter (including Emma F. Cary) shall be held in trust during her life, and at her death leaving issue to be divided among her issue. The will then provides: “ In case of the decease of any of my daughters without issue living at her decease, the said trustees shall pay over, convey and appropriate the said trust fund held for the benefit of any daughter so dying, to such person or persons in such proportions in such manner and for such estates as such daughter shall by her last will and testament, or by any instrument in the nature of a last will and testament executed by her in the presence of three witnesses, direct and appoint, and in default of such appointment, to her surviving brothers and sisters and to the issue of any deceased brother or sister by right of representation.” This court in interpreting these provisions of Thomas G. Cary’s will in the action to account found that Emma F: Cary under this will received a beneficial life interest in the residuary estate of Henry Cary with power of appointment by will of the said share. As Thomas G. Cary was entitled to a one-fourth interest in the residuary estate of Henry Cary, Emma F. Cary, his daughter, was entitled to a beneficial life interest in one-seventh of that one-fourth interest, with power to appoint said share by will, and upon her death the trust for her life terminated. Emma. F. Cary died August 8, 1918, *384 leaving her surviving the following descendants of Thomas G. Cary, Charles P. Curtis, Margaret P. Bussell, Georgina S. Cary and Elizabeth Felton Ford. By her will, which was probated in Massachusetts November 11, 1918, she provides as follows :
“ Eleventh. One-fifth of the rest and residue of my estate, both real and personal, of which I may die possessed, or of which I have the right of disposal by will, I give, devise, appoint and bequeath to the said Charles P. Curtis and Philip Dexter, the survivor of them, and their heirs, successors and assigns, in trust for the following purposes: To pay the net income to the said Elizabeth Cary Ford during her life; and at her death or at my death, whichever event shall last occur, which time shall be for the purpose of this clause the time of distribution, to transfer, pay over and convey the whole of the principal to the children of the said Elizabeth Cary Ford, according to the provisions for the said children in section 10. But if at such time of distribution there is no issue of the said Elizabeth Cary Ford living, I direct my trustees to pay over the remainder of said principal fund held under this clause to Harvard College. Three-fourths of the income, to be known as the President Cornelius Conway Felton Scholarship, to be annually awarded by the president, with such advice as he may deem expedient, to the undergraduate who is a candidate for the bachelor’s degree in Harvard College, and who, whether in need of assistance or not, at the completion of his first two years of college work, may appear to him to have made the most distinguished record in scholarship. It is my earnest wish that the student, needy or not, to whom this gift is awarded, unreservedly accept it as a tribute to work well done. A copy of these provisions shall be given to each student to whom the scholarship is awarded. The remain *385 ing one-fourth of the income, to be known as the President Cornelius Conway Felton Fund, to be used for the annual purchase of books relating to Greek literature for the Harvard Library.
“ Twelfth. Another fifth of the rest and residue of my estate I give, devise and bequeath to the said trustees, the survivor of them, and their heirs, successors and assigns, in trust for the following purposes: To pay the net income to Louise C. Felton during her life, and from and after her death, or if she dies before me, from and after my death, to pay the said income to the said Elizabeth Cary Ford during her life, and at the death of the said Elizabeth Cary Ford, or of the said Louisa C. Felton, or at my death, whichever event shall last occur, which time shall be for the purpose of this clause the time of distribution, to transfer, pay over and convey the whole of said principal to the children of the said Elizabeth Cary Ford, according to the provisions for the said children in section 10. But if at such time of distribution there is no issue of the said Elizabeth Cary Ford living, I direct my trustees to distribute and pay over the principal of said fund held under this clause to and among such persons or person, and in such manner, as the said Louisa C. Felton shall by her last will and testament direct.
“ Thirteenth. The other three-fifths parts of the rest and residue of my estate I give, devise and bequeath to the children of my sister, Caroline G. Curtis, and of my late brother Richard, who shall be living at my death, in equal shares, the issue of any deceased child to take the share by right of representation which his, her or their parent would have taken if then living.”
The question now before the court is whether by the 11th, 12th and 13th clauses of her will Emma F. Cary made a valid disposition of the one-twenty-eighth *386 share of Henry Cary’s estate, pursuant to the power of appointment conferred upon her by her father’s will. The plaintiffs, trustees under Henry Cary’s will, contend that the exercise of her power of appointment by Emma F. Cary is invalid; that the one-twenty-eighth share of Henry Cary’s estate in question upon the death of Emma F. Cary, the life beneficiary under the will of Thomas Gf. Cary, passed to those entitled to it in case of a failure to appoint, namely, one-sixth each to Charles P. Curtis and Margaret P. Bussell, the children of Emma’s deceased sister, Caroline Gf. Curtis; one-third to Georgina S. Cary, a daughter of Emma’s deceased brother, Bichard Cary, and one-third to Elizabeth Felton Ford, the only surviving issue of Emma’s deceased sister, Mary L. Felton. All parties to this controversy concede that clauses 11 and 12 of Emma F. Cary’s will are invalid as creating an unlawful suspension of the absolute power of alienation in violation of the Beal Property Law, sections 42, 178 and 179. It is also conceded by all of the parties that clause 13 of the will, if it stood by itself, would be a valid exercise by Emma F. Cary of the power of appointment over the three-fifths share referred to therein. The question here is whether the provisions of clause 13 should be upheld, notwithstanding the invalidity of clauses 11 and 12. The plaintiffs and the defendant Elizabeth Felton Ford contend that because of the invalidity of the provisions of paragraphs 11 and 12 of the will the provisions of paragraph 13 should also be held invalid, because otherwise it would result in a frustration of the intention of the testatrix to prefer the defendant Elizabeth Cary Ford in her distribution of the one-twenty-eighth share of the estate of Henry Cary. On the other hand, the defendants Charles P. Curtis, Margaret P. Bussell and Georgina S. Cary maintain that clause 13 is valid and should be *387 upheld, notwithstanding the invalidity of clauses 11 and 12. In these three clauses, 11, 12 and 13, the testatrix attempted to exercise her power to dispose of the one-twenty-eighth interest in the estate of Henry Cary. As to this one-twenty-eighth interest, it is clear that it was her purpose to establish a definite proportion between the amounts given to Elizabeth Felton Ford and the shares given to Charles P. Curtis, Margaret P. Russell and Georgina S. Cary. If this proportion is destroyed by eliminating clauses 11 and 12 so that the intention of the testatrix as to Elizabeth Cary Ford is defeated, clause 13 ought not to be upheld. Such a course is sustained by authority. Benedict v. Webb, 98 N. Y. 460; Brown v. Quintard, 177 id. 75, 85; Tilden v. Green, 130 id. 29, 50; Matter of Turner, 142 App. Div. 645; Bailey v. Buffalo L. T. & S. D. Co., 213 N. Y. 525, 536. The testatrix intended to accomplish a single purpose in these three clauses of her will. To hold that clause 13 should be upheld, notwithstanding the invalidity of 11 and 12, would amount to a distribution contrary to her manifest intention to prefer Elizabeth Felton Ford. For this reason I conclude that all three provisions, the 11th, 12th and 13th, must be held to be invalid. The result is that Emma F. Gary failed to exercise her power of appointment, and the one-twenty-eighth share of the estate of Henry Cary, over which she had power of appointment, passed under Thomas G. Cary’s 'will to the defendants, as follows: one-sixth to each of the defendants Charles P. Curtis and Margaret P. Bus-sell, one-third to Georgina S. Cary, and one-third to Elizabeth Felton Ford. The fact that by clause 10 of her will the testatrix gives a life interest in $15,000 to Elizabeth Cary Ford seems to me to have no relevancy to the issue raised here. Clause 10 makes no disposition of any part of the estate of Henry Cary *388 over which testatrix had power of disposition by will. We are concerned only with the validity of clauses 11, 12 and 13, wherein testatrix attempted to dispose of property as the donee of a power. As a result of these considerations, the one-twenty-eighth share referred to must be distributed under the provisions of the will of Thomas G-. Cary, as in case of a failure to exercise the power of appointment; that is, among the surviving brothers and sisters of Emma F. Cary, and to the issue of any deceased brother or sister by right of representation, interpreting, as I do, the word issue ” as meaning living descendants in the nearest degree to the ancestor. Therefore, Charles P. Curtis and Margaret P. Bussell will each receive one-sixth of the one-twenty-eighth interest, and Gfeorgina S. Cary and Elizabeth Felton Ford one-third each of the one-twenty-eighth interest in the estate of Henry Cary. With the elimination of clause 11 of the will of the testatrix, the bequest to Harvard College cannot stand.
Judgment accordingly.

 See Montague v. Curtis, 110 Misc. Rep. 717.— [Repr.