In the Matter of the Petition of ALBERT W. PROSS and Another to Render and Settle the Account of Their Proceedings as Executors, etc., of MALKY LYONS, Deceased, and for a Determination as to the Construction, Validity or Effect of Paragraph Fifth, Subdivisions B and C, of the Last Will and Testament of MALKY LYONS, Deceased.*

JOSEPH G. LYONS, Appellant; ALBERT W. PROSS and Another, as Executors, etc., of MALKY LYONS, Deceased, and FREDERICK A. KECK, as Special Guardian for SYLVIA DORICE SPIEGEL and Others, Infants, etc., Respondents.

Second Department, November 29, 1935.

* Modfg. and affg. 154 Misc. 368.

*Jacob Landy* [*Bernard Cahn* with him on the brief], for the appellant.

*Alexander Halpern* [*Harry E. Ratner* and *Albert W. Pross* with him on the brief], for the respondents-executors.

*Frederick A. Keck,* special guardian for Sylvia D. Spiegel and others, infant-respondents.

HAGARTY, J. The question presented on this appeal is whether intestacy or only partial intestacy as to the residuary estate results from the elimination of secondary life estates and remainders from the will under construction in this proceeding.

The testatrix, Malky Lyons, died a widow, leaving her surviving four children, three of whom are sons, Nathaniel, Lewis and Joseph, and one a daughter, Annie L. Spiegel. By her will she disposed of the remainder of her estate, of the approximate value of $100,000, by giving it to her trustees, directing them to divide it into four equal parts, each of such parts representing a child or the child's issue.

The scheme of distribution is to be found in the residuary clause, constituting the fifth paragraph of the will, in which the testatrix, after leaving a one-fourth share outright to her son Nathaniel, or, in the event that he should not survive her, to his descendants, *per stirpes,* then set up three trusts, each disposing of one of the three remaining one-quarter shares. Two of these trusts, namely, those providing for Lewis and his children and for Annie and her children, are manifestly violative of the rules against perpetuities (Real Prop. Law, § 42; Pers. Prop. Law, § 11). As these last-mentioned provisions of the will are identical, we may confine our consideration to the trust provision for Lewis and his children and the disposition of the remainder.

Lewis is to be paid the income of his share for life and, upon his death, a division is to be made into as many shares as he shall leave children surviving and children who have predeceased him leaving descendants. While the descendants of the children who may have predeceased Lewis are then to receive their respective shares outright, the surviving children do not take absolutely, but they in turn are given life interests with remainder over to their respective descendants, *per stirpes.*

The learned surrogate has properly held, we think, that the secondary life estates offend against the statutes (*supra*), for the reason that the trusts are measured possibly by lives that are not in being at the time of the death of the testatrix. (*Matter of Horner,* 237 N. Y. 489, 501, 502.) These secondary life estates, however, may not be eliminated and the remainders accelerated, since the

remainders go to the descendants of the children of Lewis and Annie, including afterborn children, who comprise a class incapable of present determination. (*Matter of Silsby*, 229 N. Y. 396, 403.) By the decree under review, the secondary life estates and remainders are eliminated from the trusts, and direction is made that, after the termination of the primary estates to Lewis and Annie, the corpus shall pass under the laws of intestacy.

The disposition of the remaining one-fourth share of the residuary estate is to be found in the third trust, set up for the benefit of the two children of the son Joseph, the direction being that the share be divided into two parts, one for each of said children, and the income paid to them, respectively, during their lives, and upon their deaths that the principal be paid to their descendants. The son Joseph is the appellant here.

While it is true that the appellant receives nothing under the residuary clause of the will, provision is made for his children and their descendants in his stead. It is clear that, as to the four branches of the family represented by the four children of the testatrix, the testatrix undertook to provide for them equally. Aside from small bequests by the testatrix to her executors, to be distributed within their discretion, the only other dispositive provision in the will devises her burial plot, in equal shares, to her four children.

Our opinion is that the disposition of this estate by the decree under review, involving the dual methods of will and law, results in a disproportionate distribution which does violence to the entire testamentary scheme.

Under the will, as modified by the decree, the son Nathaniel receives outright, not only a one-quarter share of approximately $25,000, but he will receive one-half as much more upon the termination of the life estates of Lewis and Annie, or approximately $37,500 in all. The children and descendants of Lewis and Annie, each comprising a class which under the will would divide approximately $25,000, will now have an expectancy in but one-half of the remainders of the corpus of the respective life tenants. The trust to Joseph's children and descendants in the sum of approximately $25,000 is preserved and, in addition, Joseph will receive or dispose of approximately $12,500 more when the life estates of Lewis and Annie terminate. In other words, Nathaniel and Joseph, or their children, will each eventually receive three-eighths, and Lewis and Annie, or their children, will each eventually receive but one-eighth, whereas the testatrix intended each of her four children, or their issue, to share the estate equally. On the other hand, if the entire residuary estate, as contemplated by the fifth

paragraph of the will, passes under the laws of intestacy, each of the four children will receive a one-fourth share outright. While we recognize that such distribution means that Joseph will receive a share, whereas otherwise it would go to his children, such equal distribution is more clearly in line with the testamentary scheme than the distribution which prevails under the present decree, by which also Joseph would receive a share. The inequities resulting from partial intestacy must be righted, even if total intestacy be the only means. (*Benedict* v. *Webb*, 98 N. Y. 460, 463–467; *Brown* v. *Quintard*, 177 id. 75, 85; *Matter of Turner*, 142 App. Div. 645; *Matter of Hardgrove*, 223 id. 646.)

The decree of the Surrogate's Court of Kings county should be modified by striking therefrom the provision declaring the fifth paragraph of the will to be valid and by inserting in place thereof a provision that said paragraph of the will is void in its entirety, thereby creating a total intestacy as to the residuary estate. As so modified the decree should be affirmed, in so far as appealed from, with costs to all parties, payable out of the estate, and the matter remitted to the Surrogate's Court to proceed in accordance with this opinion.

Present — YOUNG, HAGARTY, CARSWELL, SCUDDER and TOMPKINS, JJ.

Decree of the Surrogate's Court of Kings county modified by striking therefrom the provision declaring the fifth paragraph of the will to be valid and by inserting in place thereof a provision that said paragraph of the will is void in its entirety, thereby creating a total intestacy as to the residuary estate. As so modified, the decree is unanimously affirmed, in so far as appealed from, with costs to all parties, payable out of the estate, and the matter remitted to the Surrogate's Court to proceed in accordance herewith.