IRVING TRUST COMPANY, as Successor Trustee for the Benefit of the Holder of a Bond Secured by a Trust Mortgage for $150,000 Executed by OAK RIDGE GOLF CLUB, INC., Respondent, v. OAK RIDGE GOLF CLUB, INC., Appellant, and Others, Defendants.— Order denying defendant-appellant's motion to vacate a judgment of foreclosure and sale or, in the alternative, to strike therefrom a direction for the sale of personal property affirmed, with ten dollars costs and disbursements. In our opinion, the total mortgage indebtedness was not reduced to $300,000 or less, for the reason that the indebtedness sought to be foreclosed, in accordance with the terms of the mortgage and the provision in the judgment, is not $150,000 but is $169,749.82. In any event, we are of opinion that the application should be denied in the exercise of discretion in the circumstances here disclosed and particularly in view of the fact that the mortgagor has breached the covenants of the same instrument which it seeks to invoke. Lazansky, P. J., Young, Hagarty, Davis and Johnston, JJ., concur.

In the Matter of the Judicial Account of Proceedings of GEORGE F. ALEXANDER, Deceased, as Executor, etc., of JULIA B. MOORES, Deceased, by GEORGE E. MINER, Executor, etc., of Said GEORGE F. ALEXANDER, Deceased. FLORA SMITH, Appellant; ZEDA ROBERTA LOREY and THE CHASE NATIONAL BANK OF NEW YORK, as Successor Executor-Trustee, etc., of GEORGE F. ALEXANDER, Deceased, and CONRAD SAXE KEYES, as Special Guardian for JUNE RUTH LOREY and HELEN WICKETT, Infants, etc., Respondents, and GEORGE E. MINER, Executor, etc., of GEORGE F. ALEXANDER, Deceased, and Others, Legatees.— In a proceeding in the Surrogate's Court, county of Kings, to construe a will, it appeared that the trust fund was *in solido*, but one-half of the income was payable to decedent's sisters-in-law, or the survivor, and the other half to decedent's niece during their respective lives. Upon the death of the sisters-in-law the entire income was to be paid to the decedent's niece. In the event the niece predeceased the sisters-in-law the entire income was to be paid to them or the survivor of them. The principal was not to be distributed until the death of all the life tenants, when it was to go to issue of the niece, if any, and, if none, to the decedent's nephew Milton Wickett and the children of decedent's nephew Harold G. Wickett, or the survivor of them. The decree severed the illegal provisions from those that were valid, in accordance with the evident dominant purpose of the testatrix. Decree, in so far as appealed from, unanimously affirmed, with costs, payable out of the estate, to all parties appearing and filing briefs except appellant. (*Matter of Lyons*, 271 N. Y. 204, revg. 245 App. Div. 548; *Matter of Drake*, 246 id. 758.) Lazansky, P. J., Young, Hagarty and Adel, JJ., concur; Johnston, J., not voting.

In the Matter of Acquiring Title by THE CITY OF NEW YORK to Certain Lands and Premises Situated on the Southerly Side of Sibilla Street and the Easterly Side of Seventieth Avenue (Formerly Ursula Place), in the Second Ward of the Borough of Queens, City of New York, Duly Selected as a Site for the Extension of an Asphalt Plant under the Jurisdiction of the President of the Borough of Queens, According to Law. JACOB BROMBERG, Appellant; THE CITY OF NEW YORK, Respondent.— Final decree in condemnation, fixing award for land taken, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Johnston and Adel, JJ.