In the Matter of the Estate of MAGDALENE SEYFRIED, Deceased.

Surrogate's Court, Erie County, July 11, 1941.

*Strebel & Strebel* [*Robert Strebel* of counsel], for Mary Seyfried and Albert Seyfried, as executors, etc.

*Albert F. Geyer* [*Michael A. Crage* of counsel], for Joseph M. Seyfried and Bertha Wahl.

VANDERMEULEN, S. Magdalene Seyfried died leaving a last will and testament which was probated in this Court on October 30, 1939.

Joseph M. Seyfried and Bertha Wahl, devisees and legatees under the said last will and testament, commenced an action in equity in the Supreme Court of Erie county, New York, to establish an oral agreement made and entered into by and between the said Magdalene Seyfried, deceased, and her four children, namely, Bertha Wahl, Joseph M. Seyfried, Albert Seyfried and Mary Seyfried, by which agreement, the estate of which the said Magdalene Seyfried died seized was to be divided in four equal shares among the said children. This action was commenced before Hon. JOHN V. MALONEY, Justice of the Supreme Court, and resulted in a judgment in favor of the plaintiffs therein as prayed for in the complaint. The judgment was affirmed by the Appellate Division, Supreme Court, Fourth Department, and later affirmed by the Court of Appeals.

It is the contention of Bertha Wahl and Joseph M. Seyfried that having obtained the judgment in their favor determining the manner in which the estate shall be distributed, which is different from that provided by the will, this court should grant an allowance for costs and counsel fees payable out of the estate. The basis of their claim is that the entire proceeding relates to the validity and

construction of the particular testamentary document made by the decedent and it is therefore within the accepted description of a construction proceeding as envisaged by section 278 of the Surrogate's Court Act as amended.

They rely to a large extent on the *Matter of Goldberg* (164 Misc. 661). In this case the widow claimed that her marriage subsequent to the making of the will resulted in a revocation thereof, pursuant to section 35 of the Decedent Estate Law, by reason of which her share was greatly enhanced.

Surrogate WINGATE in his opinion, stated (at p. 662): " It will be seen, therefore, that the entire proceeding related to the validity and construction of the particular testamentary document made by the decedent and was, therefore, within the accepted description of a construction proceeding as envisaged by section 278 of the Surrogate's Court Act."

In the instant case, the proceeding did not relate to the validity and construction of the particular testamentary provisions of the document made by the decedent herein. The learned surrogate further stated in *Matter of Goldberg* (at p. 663): "As had been noted on innumerable occasions, a construction proceeding, so called, may require either or both of two varieties of determinations. The first, and more common, concerns the actual meaning of the language employed by the testator in the document when the script is read in the light of the circumstances surrounding him at the time of its execution. The second concerns the validity of the disposition actually intended to be made by the will. (*Matter of McCafferty*, 142 Misc. 371, 372; affd., 236 App. Div. 678; *Matter of Howells*, 145 Misc. 557, 559; *Matter of Von Deilen*, 154 id. 877, 881; *Matter of Dialogue*, 159 id. 18, 20.) The determinations in both instances are based on the document itself when read in connection with the situation of the testator, in the one case, and the applicable rules of law, in the other, the essential and indispensable element on both occasions being the will.

" In the vastly preponderant number of cases this is not true of a proceeding for the determination of an asserted right of election by a surviving spouse under section 145-a of the Surrogate's Court Act. Here the question for decision is not the effect and validity of the will, but in the language of the section ' the validity and effect of such election' ' under section eighteen of the Decedent Estate Law.' Under the terms of section 18, the surviving spouse is accorded such right if certain carefully prescribed conditions exist, and the purpose of the inquiry is merely an ascertainment of the pertinent facts in this connection, and, as pointed out in *Matter of Curley* (161 Misc. 391, 393), ' this may depend on any one of many

considerations wholly independent of the testamentary document itself,' and, according to demonstrated experience, ' less than one case out of ten involving a determination of the validity of an attempted exercise of the right of election has required any reference to the terms of the testamentary instrument itself ' (p. 394)."

These principles this court is ready to accept as sound and clear. The adoption of them defeats the contention of the petitioners in this proceeding. The action in the Supreme Court was based on an oral agreement with the deceased during her lifetime. The determination did not involve a construction of the will. The case relied upon by the petitioners involved an antenuptial document and the partial revocation of the will. The distinction between the antenuptial agreement and the oral agreement involved herein, is that the first affects the will while the latter affects not the will but only the distribution of the estate.

The application for costs and counsel fees payable out of the estate is denied. Let the decree of judicial settlement provide accordingly.