In the Matter of the Estate of LILLIAN H. WEBSTER, Deceased.*

Surrogate's Court, New York County, March 20, 1942.

*Samuel Mann,* for the petitioners.

*Walter Avery,* for Patsy Sartino, individually and as executor, etc., respondent.

*Charles A. Taussig,* for the Bowery Mission, respondent.

DELEHANTY, S. The court overrules the objections made to this application on other than the merits. The application is made under section 278 of the Surrogate's Court Act on the theory that the proceeding is one to construe a will. Inspection of the petition in the proceeding discloses that the facts recited and the prayer for relief presented two issues. The first was whether the husband of deceased, who survived her for a brief period, was barred from any interest in her estate by reason of the public policy enunciated in *Riggs* v. *Palmer* (115 N. Y. 506). The second issue was whether the right to challenge the extent of a gift to charity passed to the representative of a deceased person who was within the group specified in section 17 of the Decedent Estate Law as entitled to make such challenge but who died without taking any personal steps to invoke the benefit of the statute.

* See *ante,* p. 342.

Though the papers in the proceeding are labeled as an application for the construction of the will of deceased, the fact is that such construction is not involved in either question presented by the moving papers. The first question outlined has nothing to do with the will of deceased. It concerns itself only with the question whether factually a public policy of the State was or was not operative. The second question has a factitious appearance of concern with the will of deceased but in truth it has no such concern. This question really is one of statutory construction and not of will construction.

The situation here is somewhat analogous to the situation presented on an application under section 145-a of the Surrogate's Court Act to determine the validity of an election to take against a will. When such a proceeding concerns itself with questions of abandonment, failure to support, divorce and the like, the terms of the will are not in question and in such proceedings allowances cannot be made to the unsuccessful parties. (*Matter of Curley*, 161 Misc. 391.) The court deems the analogy sound and holds that in the present proceeding no allowance may be made to the unsuccessful representative of the deceased spouse.

Submit, on notice, order denying the application to amend the decree.