Charles H. Griffiths, S.
The instant applications for the fixation of allowances are made pursuant to the permissive provisions of a decree of this court determining a right of election question. The main proceeding was instituted by the widow of the decedent. In addition to the request of the Special Guardian, applications for allowances have been made by counsel for the widow and by counsel for the executors. The respective applications of counsel for the widow and the executors are opposed by the Federation of Jewish Philanthropies of New York, hereinafter referred to as the Federation, and by the Attorney-General of the State of New York. It is the contention of .both the Federation and the Attorney-General that the main proceeding was not a proceeding to construe the will of the decedent and consequently there is no authority in the Surrogate to make the requested allowances in any amount.
While the provisions of section 40 of the Surrogate’s Court Act confer upon the Surrogate’s Court general jurisdiction to “ administer justice in all matters relating to the affairs of decedents ”, the power to fix and determine allowances to counsel is confined to the various express statutory provisions. (See Surrogate’s Ct. Act, §§ 231-a, 278, 279, 281, 285.) „ Although reference is made to the incidental estate tax savings resulting from the court’s determination, the basis of the application made by counsel for the widow is section 278 of the Surrogate’s Court Act.
There is no provision in section 145-a of the act or related ¡sections empowering the court to make allowances to counsel representing a surviving spouse in a proceeding to determine the validity of the exercise of the right of election granted by section 18 of the Decedent Estate Law. And, it has been held *897 that a proceeding instituted pursuant to said section is not one to1 ‘ construe a will ’ ’ within the meaning of section 278. (Matter of Curley, 161 Misc. 391; Matter of Richmond, 276 App. Div. 271, motion for leave to appeal denied 301 N. Y. 816.) If, therefore, the issue involved in the main proceeding were one of divorce, abandonment or like issue, the determination of which would not depend upon the validity and effect of the provisions of the will, the applications in question would be denied. (Matter of Curley, supra, Matter of Richmond, supra.) Here, however, the validity of the exercise of the right of election was wholly dependent upon the construction and effect of the provisions of the will. That petitioner is the lawful surviving ■spouse of the decedent and as such is entitled to all rights conferred by law upon her was not in dispute. The testamentary trust created for her benefit complied in all respects with the provisions of section 18 of the Decedent Estate Law, except that it contained a clause authorizing the trustees to invade principal for the benefit of others. Petitioner contended that the testator intended to create a single trust; some of the respondents urged the court to spell out an intent to create multiple trusts. The determination of the court that only one trust was created was decisive of the right of election question under governing case law. (See Matter of Schnitzer, 118 N. Y. S. 2d 779.)
The court holds that the- caption of a special proceeding does not preclude a determination that it is a “ proceeding to construe a will ” within the meaning of section 278 of the act. To hold otherwise would confine applications for allowances in proceedings involving constructions of law to those instituted, pursuant to the provisions of section 145. That such was not the intent of the Legislature is indicated in Matter of Curley (supra) and Matter of Goldberg (164 Misc. 661). A narrow construction of the -statute might well encourage the institution of a multiplicity of proceedings. For example, the provisions of the will of this decedent are such that an application for a construction made pursuant to section 145 would have ■been entertained and the will construed. An application for a determination of the validity of the exercise of petitioner’s right of election would have followed. The court, in its discretion, would have been empowered to make an allowance to all counsel in the former proceeding and no allowances could have been made in the latter proceeding. Here both the validity and effect of the will and the right of election question were submitted to the court and determined in one proceeding.
*898 Moreover, the answer of the respondent executors and trustees contained a request that in the event a decision were made favorable to petitioner the court determine the effect of the satisfaction of her elective share upon the interest of other beneficiaries named in the will. Pursuant to such request the court determined the manner of computation of the elective share as well as the source of the funds with which to satisfy it. Since the effectuation of the right of election will necessarily result in a withdrawal of a substantial portion of the assets of rthe estate, the impact thereof upon the interests of the other beneficiaries also required a determination of the mode of testamentary distribution of the balance of the assets. It has been stated that this is a “ true instance of testamentary interpretation which may, under the authority of section 278, authorize allowances to 'be paid from such remaining distributable portion, as in any other construction proceeding.” (Matter of Curley, 161 Misc. 391, 395, supra.)
While the determination herein made is applicable to the request made by counsel for the executors as well as to that of counsel for petitioner, the question presented is academic insofar as it relates to the former. The respondent executors were not only justified but were required to be represented in the proceeding by counsel. Whether the proceeding be considered one to construe the will or not does not preclude the court from making an award to such counsel at any time. (See Surrogate’s Ct. Act, § 231-a.)
The amounts of the various allowances including those of the Special Guardian will be fixed in the supplemental decree to be made hereon.
Settle decree on notice.