In the Matter of the Estate of BENJAMIN SCHWARTZKOPF, Deceased.

Surrogate's Court, Kings County, May 25, 1954.

*Jacob Kirschenbaum* for Rose Schwartz, petitioner.

*Louis Rothenberg* for Albert M. Cohen and another, as executors of Benjamin Schwartzkopf, deceased.

*Nathaniel L. Goldstein, Attorney-General (Kenneth Shearer* of counsel), in his statutory capacity under section 12 of Personal Property Law and section 113 of Real Property Law.

RUBENSTEIN, S. This proceeding was instituted by the widow of the decedent under section 145-a of the Surrogate's Court Act. Her right to elect to take against the will has been sustained by prior decision.* Upon the entry of a decree thereon the petitioner seeks both costs and an allowance under section 278 of the Surrogate's Court Act, claiming that the proceeding involved construction of the will.

The right of the petitioner to elect depended entirely upon the adequacy of the trust created for her benefit by the will. The court found, and it was patent upon examination of the will, that all of the income of the trust was not payable to her. Accordingly, it held that the trust did not comply with the provisions of paragraph (g) of subdivision 1 of section 18 of the Decedent Estate Law, and that the petitioner had an absolute right to elect to take against the provisions of the will.

It has heretofore been held that " a determination under this section [Surrogate's Ct. Act, § 145-a], whether made in an independent proceeding initiated for this express purpose, or on an accounting, is not a construction of the will within the meaning of section 278, wherefore there is no statutory justification for an award of allowances in excess of costs to the ordinary parties thereto." (*Matter of Curley,* 161 Misc. 391, 394.) The statement in *Matter of Curley (supra),* was cited with approval in *Matter of Richmond* (276 App. Div. 271). The record on appeal in this case discloses that the precise question here presented was passed upon by the Surrogate and decided upon the authority of *Matter of Curley (supra).*

The petitioner relies upon *Matter of Schnitzer* (125 N. Y. S. 2d 578). In that case the right to elect depended upon whether the testator had created a single or multiple trusts. Finding that a single trust was intended, the Surrogate held that a discretionary authority in the trustees to invade principal for the benefit of persons other than the widow, was potentially destructive of the trust corpus in whole or in part. The right of the surviving spouse to take against the will was therefore upheld.

---

* *Matter of Schwartzkopf,* p. 985, *infra.*

In granting allowances to the parties, Surrogate GRIFFITHS indicated that the validation of the right to elect was a consequence of the construction of the will. Moreover, the answer of the executors prayed that if the election were sustained, the court determine the effect of the satisfaction of the widow's elective share upon the interests of the other beneficiaries named in the will. Following the line of reasoning employed in the *Curley* case, the Surrogate held that the determination of the mode of testamentary distribution of the balance of the estate, upon satisfaction of the elective share, was a true instance of testamentary interpretation, which might under section 278, permit allowances to be made.

It is pertinent at this point to state that the decision in *Matter of Curley (supra)*, from which the rule first cited is taken, was made in a proceeding for the judicial settlement of the account of the executor, in which he sought further relief in the form of advice and direction with respect to the manner of distribution of the estate, in view of the right of the widow to take her share as in intestacy. The right to elect had been determined in a prior proceeding (151 Misc. 664, mod. on other grounds, 245 App. Div. 255, affd. 269 N. Y. 548). The grant of allowances in both the *Curley* and *Schnitzer* cases is to be considered in the light of these facts, and is not to be deemed as a departure from the general rule that a proceeding under section 145-a does not permit the making of allowances on the ground that a construction of the will has been had.

In the instant matter, the only issue before the court was the adequacy as measured by the standards provided by section 18 of the Decedent Estate Law, of the trust created for the benefit of the electing spouse. No issue was raised by any of the parties in respect to the effect upon the remaining testamentary dispositions in the event the court confirmed the right of the petitioner to take against the will. To the extent that the court indicated the effect upon those dispositions, which followed from its determination, it was intended as a guide for the assistance of counsel in making final distribution of the estate, and may not now be used as a basis for the claimed allowance.

The bill of costs submitted by the petitioner has been taxed. The costs and disbursements therein allowed are to be paid from the general estate.

Submit decree on notice in accordance herewith.