In the Matter of the Estate of PHILIP LIBERMAN, Deceased. NORMAN J. LIBERMAN et al., Individually and as Executors and Trustees under the Will of PHILIP LIBERMAN, Deceased, et al., Appellants; BERTHA LIBERMAN, Respondent.

First Department, January 27, 1959.

*Lionel S. Popkin* of counsel (*Abraham S. Guterman* of counsel; *Hess Mela Segall Popkin & Guterman,* attorneys), for appellants.

*James N. Vaughan* of counsel (*Vaughan & Lyons,* attorneys), for respondent.

*Per Curiam.* The executors and trustees and other persons interested in the estate of Philip Liberman appeal from such portion of the decree of the Surrogate in this proceeding under section 145-a of the Surrogate's Court Act as grants an allowance to the attorneys for Bertha Liberman, the surviving spouse and petitioner in the proceeding.

Bertha Liberman instituted this proceeding to determine her right to elect, under section 18 of the Decedent Estate Law, to take her one-third interest outright instead of in trust, as provided in the will. This court held that the will setting up a trust for her benefit satisfied the requirements of section 18, and that she had waived any right to take against the will (*Matter of Liberman,* 4 A D 2d 512). The Court of Appeals affirmed without opinion (5 N Y 2d 719).

On remittitur, the Surrogate allowed the sum of $2,500 as compensation for the services which the attorneys for the unsuccessful widow rendered on the appeals, payable out of the general estate, upon application made therefor under section 278 of the Surrogate's Court Act.

The power of the Surrogate to make allowances to unsuccessful nonfiduciary parties is limited to express statutory provisions. (See Eighth Annual Report of N. Y. Judicial Council, 1942, p. 459 *et seq., passim.*) The Surrogate's Court Act controls, rather than sections 1513 and 1514-a of the Civil Practice Act. Section 278 of the Surrogate's Court Act

empowers the Surrogate to make an allowance for counsel fees and expenses to "any party", without regard to success, in rendering a decree "in a proceeding to construe a will, or after appeal, in such a proceeding, pursuant to the direction of the appellate court". Section 283 similarly permits an appellate court to award costs of the appeal to any party "in a proceeding to construe a will".

The proceeding here involved was brought, not as a proceeding to construe the will under section 145 of the Surrogate's Court Act, but as an entirely separate and distinct proceeding to elect against the will under section 145-a. A "proceeding to construe a will" differs materially from a proceeding in which a will may be construed. That the court in the course of a particular proceeding may have to read the will to determine whether the petition should be granted or denied does not serve to transform the nature of the proceeding itself into a construction proceeding (*Matter of Richmond*, 276 App. Div. 271, motion for leave to appeal denied 301 N. Y. 816; *Matter of Curley*, 161 Misc. 391; *Matter of Schwartzkopf*, 205 Misc. 1027). Unlike *Matter of Goldberg* (164 Misc. 661) and *Matter of Schnitzer* (14 Misc 2d 895), the widow here was unsuccessful, and there was no necessity for the court to pass upon the devolutionary effect a valid election would have upon the interests of the other beneficiaries designated in the will.

The order appealed from should be modified, on the law, so as to delete therefrom the second decretal paragraph allowing compensation to petitioner's attorneys and as so modified affirmed, with costs to appellants.

BOTEIN, P. J., M. M. FRANK, VALENTE, McNALLY and BERGAN, JJ., concur.

Order so far as appealed from unanimously modified, on the law, so as to delete therefrom the second decretal paragraph allowing compensation to petitioner's attorneys and, as so modified, affirmed, with $20 costs and disbursements to the appellants.