Chief Judge Conway.
In 1954 Bertha Liberman brought a proceeding in the Surrogate’s Court of New York County to validate her election to take an intestate share of the estate of her deceased husband, Philip Liberman, against the provisions of his will. Her petition alleged that the testator created a trust in her favor of one third of the residuary estate, that taxes were made payable from that.residue and that the capital of the trust in her favor was subject to dilution in favor of others. The answer of the other parties interested in the estate denied that petitioner was the surviving spouse, because a Nevada decree, divorcing petitioner from another man prior to her marriage to Liberman, was invalid for lack of jurisdiction. They also denied that the trust was constituted as alleged in the petition. Finally, they pleaded that the petitioner had waived her right of election in writing during the lifetime of the testator. Petitioner replied that she signed the alleged waiver but that she was ignorant of its nature, of the extent of Liberman’s property and that the instrument was inequitable and the product of concealment of material facts. She further alleged that the waiver was drawn and signed with specific reference to the 1942 marriage to Liberman when her first husband was still alive. She then alleged that in 1945, after the death of her first husband, she and Liberman went through a religious ceremony which constituted a repudiation of the waiver agreement. Finally, she set forth that she had cohabited with Liberman as man and wife in Florida and elsewhere until his death in 1954.
After a hearing on the merits, the Surrogate decided in favor of the petitioner. As one of his grounds for decision, the Surrogate held that petitioner’s rights in the trust were subject to being vitiated in favor of others under the doctrine of Matter of Wittner (301 N. Y. 461) and thus the provisions for her did not satisfy the requirements of section 18 of the Decedent Estate Law (6 Misc 2d 396).
The Appellate Division, First Department, reversed on the law and the facts. It decided, in effect, that the portion set aside for the petitioner was separate and not subject to invasion on behalf of the other beneficiaries, and that, therefore, the *528 trust satisfied the requirements of section 18 of the Decedent Estate Law. Moreover, the court took the view that there was insufficient proof in the record to show that the 1942 divorce was invalid and, further, that petitioner was barréd by the antenuptial agreement. The antenuptial agreement including the waiver was also deemed to apply to the 1945 ceremonial marriage, as well as the 1942 marriage. In addition, it was observed that there was insufficient proof to show fraud or overreaching in obtaining her assent and signature to the document (4 A D 2d 512).
An appeal was taken to our court wherein the briefs contained lengthy argument as to the proper construction of the will. We unanimously affirmed the order of the Appellate Division without opinion (5 N Y 2d 719).
Accordingly, upon our remittitur, the Surrogate issued a decree making our order the order and decree of the Surrogate’s Court. However, that decree also provided for an allowance of $2,500 to be paid from the general estate by the executors to counsel for petitioner, for their services on the appeals to the Appellate Division and to our court. An appeal was taken and the Appellate Division modified the order, on the law, to delete the provision allowing compensation to petitioner’s attorneys, from which modification petitioner Bertha Liberman now appeals to our court.
The statute primarily involved in this appeal is that part of section 278 of the Surrogate’s Court Act which provides that: ‘ ‘ When the decree is made in a proceeding to construe a will, or after appeal, in such a proceeding, pursuant to the direction of the appeEate court, the surrogate may, in his discretion, aEow to an executor, trustee, guardian, or any party to said proceeding, such sum as the surrogate deems reasonable for his counsel fees and other expenses necessarily incurred in such a proceeding or on such appeal.”
AppeEant contends that the Etigation in which she sought to assert her right of election required a construction of the wiE in order to determine the rights of the parties and that, thus, it constitutes “ a proceeding to construe a wiE ” within the meaning of section 278. Respondents argue that such a proceeding can be brought only pursuant to section 145-a of the Surrogate’s Court Act which provides that: “ An executor, *529 administrator with the will annexed, a surviving spouse, or any person interested in obtaining a determination as to the validity or effect of any election to take an intestate share against the provisions of a will under section eighteen of the decedent estate law may present to the surrogate’s court in which such will was probated, a petition setting forth the facts which show his interest, the names and post office addresses of the other persons interested and the particular question concerning which he requests the determination of the court.”
They then maintain that such a proceeding is entirely different from a construction proceeding which may be brought under section 145 of the Surrogate’s Court Act which states that: ‘ ‘ An executor, administrator with the will annexed, testamentary trustee, or any person interested in obtaining a determination as to the validity, construction or effect of any disposition of property contained in a will, may present to the surrogate’s court in which such will was probated, a petition setting forth the facts which show his interest, the names and post office addresses of the other parties interested, and the particular portion of such will concerning which he requests the determination of the court.” Hence, they conclude that the litigation in this case was not a 1 ‘ proceeding to construe a will ’ ’ under section 278.
The Surrogate, after indicating his belief that in the ordinary case respondents would be correct in their assertion that a right of election proceeding is not a proceeding to construe a will, held that in this case the issue of whether the trust was adequate under section 18 of the Decedent Estate Law required a construction of the will. He pointed out that subdivision 8 of section 40 of the Surrogate’s Court Act empowers the Surrogate “ To determine the validity, construction or effect of any disposition of property contained in any will proved in his court, whenever a special proceeding is brought for that purpose, or whenever it is necessary to make such determination as to any will in a proceeding pending before him * * *.” Therefore, he concluded that he was authorized to grant an allowance under section 278 and, in his discretion, did so.
The Appellate Division, on the other hand, declared that ‘ * a proceeding to construe a will” differs materially from “a *530 proceeding in which a will may be construed,” and held “ [t]hat the court in the course of a particular proceeding may have to read the will to determine whether the petition should be granted or denied does not serve to transform the nature of the proceeding itself into a construction proceeding ’ The court also noted that since the widow here was unsuccessful there was no necessity for the court to pass upon the devolutionary effect a valid election might have upon the interests of the other beneficiaries.
The Appellate Division order of modification was stated to be on the law. No reference having been made to questions of fact or discretion, the presumption is that no questions of fact or discretion have been passed upon by the Appellate Division (Civ. Prac. Act, §§ 602, 606; Cohen and Karger, Powers of the New York Court of Appeals, §§ 129, 142). Accordingly, the only question presented to us for review is whether the Surrogate had the power to award an allowance of counsel fees to this appellant, who has unsuccessfully attempted to elect against the will on the ground that the provisions in her behalf were inadequate in that they were intended to be subject to dilution in favor of other beneficiaries. A review of the authorities which have dealt with questions in this area reveals the following principles.
Where the issues litigated are those of status or standing, dependent upon facts ulterior to the will, the proceeding is not a construction proceeding within the purview of section 278 of the Surrogate’s Court Act, and allowances may not thereupon be awarded (Matter of Curley, 161 Misc. 391 [Surr. Ct., 1936]; Matter of Seyfried, 176 Misc. 759 [Surr. Ct., 1941]). In Matter of Curley (supra), the Surrogate pointed out that right of election proceedings may turn on many considerations wholly independent of the provisions of the will, particularly questions of status, i.e., whether the petitioner has standing as a surviving spouse, or questions as to whether the election was properly or timely made. For these reasons, he ruled that, generally speaking, a right of election proceeding is not a proceeding to construe a will in which allowances may be granted. So too, where the question is one of statutory construction, or where the intent of the testator is clear, and the court need only determine whether the requirements of a *531 statute such as section 18 of the Decedent Estate Law have been met, the proceeding is not one to construe a will (Matter of Del Drago, 264 App. Div. 718 [1st Dept.], affd. 289 N. Y. 601; Matter of Mills, 272 App. Div. 229 [1st Dept.], affd. 297 N. Y. 1012; Matter of Richmond, 276 App. Div. 271 [4th Dept.], motion for leave to appeal denied 301 N. Y. 816; Matter of Schwartzkopf, 205 Misc. 1027 [Surr. Ct.]; Matter of Webster, 178 Misc. 345 [Surr. Ct.]). However, where the intent of the testator is impossible of performance and it is necessary to determine what his intent might be, in view of the impossibility of performance, the proceeding is one to construe the will. An example is Matter of Curley (supra) where the Surrogate awarded allowances to those interested in the necessary abatement of bequests after the widow had successfully asserted her right of election. Moreover, where the original intent of the testator is in doubt, or his language is ambiguous and it is necessary to determine what the intent might be, the proceeding is also one to construe a will. An example is our decision in Matter of Folsom (6 N Y 2d 886, decided herewith) where interested parties brought a proceeding to have a successor testamentary trustee appointed. We confirmed awards of allowances because the issues concerned a construction of the will. Another case in point is Matter of Schnitzer (14 Misc 2d 895 [Surr. Ct.]) where the widow, as in the instant case, brought a right of election proceeding contending that her rights in the estate were submerged in a single trust and subject to vitiation for the benefit of others. There, the court noted that “validity of the exercise of the right of election was wholly dependent upon the construction and effect of the provisions of the will” and, thus, allowances were authorized (14 Misc 2d 895, 897). The court further observed that inasmuch as the widow would have been able to bring a formal construction proceeding wherein allowances would have been authorized, and then, upon success, to bring a right of election proceeding, a rule contrary to that enunciated might well encourage multiplicity of proceedings.
In our consideration of the last two cases mentioned, we note that in our present case there were also strong issues concerning petitioner’s marital status and a written waiver of her rights. Nevertheless, the question of the proper inter *532 pretation of the will, i.e., whether the testator intended that the share set aside for her was to be subject to dilution in favor of others, was strongly litigated and received careful and detailed consideration in all three courts, and certainly was considered dispositive in our court and in the Appellate Division. The proper construction of the will was a vital question in petitioner’s claim and a weighty consideration in its disposition in the courts. It follows that this was a proceeding brought to construe the will, in the sense that petitioner’s learning of the intent of her late husband was essential to her proposed election against his will, and that this falls within the ambit of section 278 of the Surrogate’s Court Act. What is more, this result is practical in that, as pointed out in Matter of Schnitzer (supra), multiplicity of litigation is avoided. That was the obvious intent of the Legislature when it empowered the Surrogate under subdivision 8 of section 40 of the Surrogate’s Court Act to construe a will “ whenever it is necessary to make such determination in a proceeding before him ”. For that reason, we also disagree with the Appellate Division’s distinguishing between a proceeding to construe a will and a proceeding in which a will may be construed. An exploration or inquiry into the intent of a testator is not usually launched in vacuo but is rather urged by persons who stand materially to benefit or suffer by a particular construction. Where the intent of the testator is in doubt and a litigant urges a certain construction upon the court in order to reap a particular benefit, the caption of the proceeding should not be controlling as to its essential nature. Mor should petitioners be encouraged to bring separate, special construction proceedings under section 145 to give the Surrogate power to award allowances. In addition, there is always the consideration that section 18 of the Decedent Estate Law and section 145-a were designed to protect the surviving spouse. In a ease where the intent of the deceased spouse is murky, and the surviving spouse is uncertain as to whether her rights under section 18 have been satisfied, she should not necessarily have to obtain a clear definition of these provisions at the risk of expensive counsel fees personally paid. Mor would a holding, that the Surrogate has such powers, open the door to spurious or superficial allegations and arguments urging the construction of wills. Section 278 *533 provides, basically, that the Surrogate may, “ in his discretion ”, allow such sums as he “deems reasonable”, and this is just another situation where the Surrogate exercises broad powers as a guardian over decedent estates, subject to appellate review. (See, e.g., Matter of Mahlstedt, 234 App. Div. 891; see, also, Matter of Ablett, 3 N Y 2d 261.)
There is the additional consideration that section 1514-a of the Civil Practice Act empowers the court to make allowances of counsel fees in a proceeding 11 which involves the construction of a will ”. We need not decide whether the powers granted by that section have been extended to the Surrogate’s Court by virtue of section 316 of the Surrogate’s Court Act which makes provisions of law or rules applicable to procedure in the Supreme Court applicable to the Surrogate’s Court “Except where a contrary intent is expressed or plainly implied from the context of this act ”. Nonetheless, as our court said in Smith v. People (47 N. Y. 330, 339): “ Statutes in pari materia relate to the same subject, the same person or thing, or the same class of persons or things, and are to be read together, for the reason that it is to be implied that a code of statutes relating to one subject is governed by the same spirit, and are intended to be harmonious and consistent.” There is no question that the instant case is one of a proceeding which “ involves the construction of a will ” within the broad meaning of section 1514-a of the Civil Practice Act. We do not think that the Legislature, motivated as it is by the interests of harmony and consistency, would intend that the rule as to allowances where wills are to be construed in the Supreme Court be different than that which obtains in the Surrogate’s Court.
The order of the Appellate Division should be reversed and the matter remitted to that court for further proceedings not inconsistent with this opinion, with costs in this court to all parties appearing separately and filing separate briefs payable out of the estate.