Fuld, J. (dissenting).
The appellant widow may be allowed counsel fees in this case, pursuant to section 278 of the Surrogate’s Court Act, only if the decree was made “in a proceeding to construe a will ”. The question, therefore, is whether the proceeding brought by the widow was one to construe her husband’s will. Mere statement that she instituted the pro *534 eeeding, pursuant to section 145-a of the Surrogate’s Court Act to elect “ against the provisions of [the] will ”, it seems to me, supplies the answer. And so the courts have consistently held. (See, e.g., Matter of Mills, 272 App. Div. 229, affd. 297 N. Y. 1012; Matter of Richmond, 276 App. Div. 271, 276, motion for leave to appeal denied 301 N. Y. 816; Matter of Schwartzkopf, 205 Misc. 1027, 1029; Matter of Curley, 161 Misc. 391, 393-394.)
In Matter of Richmond (276 App. Div. 271, supra), for instance, the court, after noting that (p. 276)
‘ ‘ It remains to consider the question of costs and counsel fees ”,
went on to declare:
“ In Matter of Curley (161 Misc. 391) Surrogate Win-gate held that a proceeding under section 145-a of the Surrogate ’s Court Act was not a proceeding to construe a will within the meaning of section 278 of said act and therefore no statutory justification exists for an allowance of counsel fees under that section.”
And in the Curley case (161 Misc. 391, supra), Surrogate Wingate wrote that a proceeding to elect against the will is “ quite different ” from a proceeding to construe such an instrument and that, consequently, there is no warrant for allowances under section 278. The Surrogate’s language is so much to the point that I set it forth at some length (pp. 393-394): “ The purpose of the authority conferred upon the court by section 145-a of the Surrogate’s Court Act is not directly or primarily for the purpose of determining any question respecting the meaning or effect of the will, but is for an ascertainment of whether or not the attempted elector is justified in the assertion of a right to take a portion of the estate of the decedent as in intestacy. This may depend on any one of many considerations wholly independent of the provisions of the testamentary document itself * * *. Even in those instances in which reference to the testamentary script is required for the purpose of ascertaining whether the elective right has been validly exercised as a result of a failure by the testator to comply with his Tnrrnnrnm legal obligations in respect to devolutionary directions, the process is no more a construction of the will than is a similar reference to the testamentary instrument for the *535 purpose of ascertaining whether he has complied with an agreement adequately to compensate services by will. [Cases cited.] By the express terms of the enactment itself, the authority granted -under section 145-a is merely for a determination of ‘ the validity or effect of any such election ’ and not for any decision in respect to the validity or effect of the will itself. The two things are quite different. It follows, therefore, that a determination under this section, whether made in an independent proceeding initiated for this express purpose, or on an accounting, is not a construction of the will within the meaning of section 278, wherefore there is no statutory justification for an award of allowances in excess of costs to the ordinary parties thereto.”
Allowances were granted in Matter of Curley, but, as a reading of the entire opinion in that case plainly establishes, they were granted because the widow had succeeded in her election application and, as a result of that, a construction of the will became essential. Here is what Surrogate Wingate wrote as to this phase of the case (pp. 394-395): “ Although the impropriety of allowances to parties or their counsel appears evident in a proceeding to determine the validity of the exercise by the surviving spouse of the right of election granted by section 18 of the Decedent Estate Law, a different situation is encountered in those instances in which the right has been determined to exist, and the litigated question relates to the resulting rights of the beneficiaries named in the will. In such cases a dislocation of the terms of the testamentary script has inevitably resulted, and the problem presented concerns the consequent rights of the beneficiaries under the will in the diminished distributable estate. Questions of abatement are, therefore, present for adjudication which require an analysis and interpretation of the will itself since the devolutionary rights of those entitled to share are determinable as a result of its directions from which alone the testamentary wish is ascertainable.” (See, also, Matter of Schwartzkopf, 205 Misc. 1027, supra, wherein Matter of Curley and Matter of Schnitzer, 14 Misc 2d 895, are effectively treated.)
The language of section 278 is plain, its design clear. In terms, it provides for allowances when the decree is made “ in a proceeding to construe a.will,” and it was manifestly intended *536 to compensate a party for services rendered in the interests of all of the beneficiaries named in the will. A proceeding, initiated by a surviving spouse under section 145-a, to elect against the will, is brought solely for his or her benefit, in outright contravention of the will. Such a proceeding is the very antithesis of an application to construe the will, for it is the aim of the petitioner to overthrow and defeat the will and its provisions.
The Appellate Division was eminently correct in denying payment of compensation out of the estate to the petitioner’s attorneys. The order should be affirmed.
Judges Desmond, Dye, Feoessel, Van Vooehis and Bubke concur with Chief Judge Conway; Judge Field dissents in a separate opinion.
Order reversed, etc.