In the Matter of the Estate of PHEBE MARSH AHRENS, Deceased. SADIE SHULTZ and Others, Appellants; ABBIE AHRENS SMILEY CLARK and Others, Respondents.

Fourth Department, October 11, 1922.

Executors and administrators — trusts — trust fund created by will distinguishable from " legacy " referred to in Surrogate's Court Act, § 218 — not within provision of said section preventing payment before expiration of year — ample securities in estate to set up trust upon issuance of letters testamentary — trust should have been set up without delay — costs — under Surrogate's Court Act, § 278, surrogate has discretion to allow costs to party to proceeding for construction of will whose views are not adopted — such party not unsuccessful party.

A trust fund created by will is distinguishable from a " legacy " as referred to in section 218 of the Surrogate's Court Act and does not come within the provision of said section that no legacy shall be paid ordinarily before the expiration of one year from the granting of letters.

Accordingly, where the executors and trustees of a will have in their hands, upon the issuance of letters testamentary to them, ample securities to set up a trust provided by the will, and there is nothing in the will or the surrounding circumstances indicating any intent on the part of the testatrix to postpone the enjoyment of the trust created, the trust should be set up without delay.

Under section 278 of the Surrogate's Court Act, the surrogate has discretion in a proceeding for the construction of a will to allow costs out of the estate to a party whose views in respect to such construction are not adopted, if the party's attorney rendered service in the proceeding to the petitioner or the estate. Such a party is not necessarily an unsuccessful contestant.

APPEAL by Sadie Shultz and others from a decree of the Surrogate's Court of the county of Chautauqua, entered in said Surrogate's Court on the 26th day of May, 1922, construing the last will and testament of Phebe Marsh Ahrens, deceased.

*Louis L. Thrasher*, for the appellants.

*Marion H. Fisher*, for the respondents.

DAVIS, J.:

The primary question here presented relates to the time that certain trusts provided for in the will of testatrix become operative and the beneficiaries thereunder entitled to their enjoyment. The appellants contend that under the provisions of section 218 of the Surrogate's Court Act nothing is payable to the beneficiaries before the expiration of one year from the time of granting letters testamentary, and the accumulations of interest during that period are a part of the residuary estate and will eventually go to the remaindermen or residuary legatees.

The executors and trustees had in their hands immediately upon the issuance of letters to them, ample securities to set up the trust without delay. The securities consisted largely of State, municipal and Liberty bonds which testatrix had owned for several years. There was, therefore, no need of delay in converting other property into trust securities. We think there is nothing in the will itself or in the surrounding circumstances indicating any intent on the part of the testatrix to postpone the enjoyment of the trust she created.

A " legacy " referred to in section 218 of the Surrogate's Court Act is distinguishable from a trust fund created by a testator in his will. The latter does not come within the rule of the statute making it payable at the expiration of one year unless clearly indicated by the provisions of the will or by necessities inferable from the circumstances. Where time is required because of an existing life estate or because the nature of the property makes delay necessary to collect and convert property to set up the trust, which facts the testator may have known, the time for setting up the trust may be postponed. (*Matter of Stanfield,* 135 N. Y. 292; *Matter of Slocum,* 169 id. 153; *Lawrence* v. *Littlefield,* 215 id. 561.) The amount given for the trust funds and the manner in which it was given with securities available to set up the trust indicate that such a rule is not applicable here.

We are satisfied, therefore, that the surrogate reached the right conclusion in this respect and the decree should be affirmed.

Another question has been presented on the appeal relative to the allowance of costs by the surrogate. The proceedings for the construction of the will were commenced by the executors and trustees, who were indifferent between the beneficiaries of the trust and the remaindermen. Their petition states that doubt has arisen in their minds as to the intention of the testatrix regarding the time at which the trust funds therein provided should be set up, and the operation thereof commenced, and as to the time from which the income to be derived by said beneficiaries should be com-

puted; and that it was material and important that such testamentary intention be determined, in order that the rights and interests of the respective beneficiaries under said will should be properly adjusted and protected; and they desired an interpretation and construction of the said provisions to that end.

Upon filing the petition a citation was issued to the parties interested to show cause why a decree should not be made judicially interpreting and construing certain clauses of the will. The respective parties appeared by their counsel, filing no answer or objections to the petition, but joining in and agreeing upon a statement of facts and in taking a small amount of evidence. The counsel for the respective parties then submitted briefs and argued before the surrogate in support of their different views relative to the construction.

The surrogate upon making his decree made certain allowances of costs to the attorneys for the executors and to the attorney for one of the beneficiaries of the trust, but declined for want of power and legal authority to make allowance of costs to the attorney for other parties interested who appeared.

In that respect we think the learned surrogate erred in his construction of section 278 of the Surrogate's Court Act.

That section provides: " The surrogate, upon rendering a decree, may, in his discretion, fix such a sum as he deems reasonable, to be allowed as costs, to the petitioner, and to any other party who has succeeded in a contest, or whose attorney, in the absence of a contest, has rendered services in the proceeding of substantial benefit to him, or to the estate or fund   *   *   *." The surrogate in his opinion has regarded the appellants in the light of unsuccessful contestants and refused to award them any costs. The relief prayed for in the petition was for a judicial interpretation and construction of the will without a contention for any particular construction. None of the parties contested that. They were brought into court upon citation, and did not resist the claim that there should be a judicial interpretation. The parties had divergent views as to the legal effect of the will, otherwise there would have been no need for judicial construction. These views were presented to the surrogate; and the petitioner, the estate and the surrogate were aided by counsel by the agreement upon facts, the production of evidence, argument and the presentation of briefs in having a deliberate construction of the will. The surrogate, under such circumstances, may not adopt completely the views of any party, but the fact that a party so invited into court to present his views fails to impress them upon the mind of the surrogate does not necessarily make him an unsuccessful contestant upon

the only issue presented by the petition, to wit, that there should be a judicial interpretation and construction of the will.

We, therefore, think it was discretionary with the surrogate to make an allowance to the appellants if their attorney rendered service in the proceeding of substantial benefit to the petitioner, or to the estate or fund.

This matter is, therefore, remitted to the surrogate to exercise his discretion in making allowance of costs.

The decree of the surrogate should be affirmed, and the matter of the allowance of costs remitted to the surrogate for further proceedings, in accordance with this opinion, with costs of this appeal to each party appearing by separate attorney, payable out of the estate.

All concur.

Decree affirmed, with separate bills of costs to each party appearing by separate attorney upon this appeal and filing brief, payable out of the estate, and matter of allowances of costs in Surrogate's Court remitted to the surrogate for further proceedings in accordance with the opinion.