## In the Matter of the Estate of MALKY LYONS, Deceased.

Surrogate's Court, Kings County, August 31, 1936.

*Albert W. Pross,* for Albert W. Pross and Nathaniel H. Lyons, as executors.

*Frederick A. Keck,* special guardian for Sylvia Dorice Spiegel and others.

*Rosenson & Lorence,* for Joseph G. Lyons and another.

WINGATE, S. Whereas costs were unknown at common law (*People ex rel. N. Y. S. P. C. C.* v. *Gilmore,* 88 N. Y. 626; *Matter of Tillotson* v. *Smith,* 12 N. Y. St. Repr. 331, 333, reported by memorandum only, 45 Hun, 593; *Matter of Hill* v. *Sheldon,* 55 id. 44), and the right to their receipt must, in each instance, be traced to some identifiable statutory enactment (*Osborn* v. *Cardeza,* 208 N. Y. 131, 134; *People* v. *Three Barrels Full,* 236 id. 175, 177; *Scherl* v. *Flam,* 136 App. Div. 753, 755; *Friedman* v. *Borchardt,* 161 id. 672, 674), the theories underlying their award are well defined.

The first, and most common, basis of allowance is implied in the familiar formula " *Victus victori in expensis condemnatus est,*" which has led to the general observation that " costs are certain allowances authorized by statute to reimburse the successful party for expenses incurred in prosecuting or defending an action or special proceeding. They are in the nature of incidental damages allowed to indemnify a party against the expense of successfully asserting his rights in court. The theory upon which they are allowed to a plaintiff is that the default of the defendant made it necessary to sue him, and to a defendant, that the plaintiff sued him without cause." (*Stevens* v. *Central Nat. Bank,* 168 N. Y. 560, 566.)

The two additional theories upon which the award of costs, or so-called " allowances," which are merely a variety of costs applicable to particular sorts of proceedings (*Matter of Manzi,* 155 Misc. 670, 673), are based, are in reality merely exceptions to the general basic rule noted, which have been made necessary by the unusual conditions sometimes prevailing in proceedings in Surrogates' Courts, to which they are exclusively applicable.

The first relates peculiarly to persons occupying a fiduciary position, which sometimes imposes upon them an obligation to initiate and prosecute litigation on behalf of their *cestuis que trustent* or in furtherance of the apparent intentions of the one imposing the fiduciary obligation, and which can by no stretch of the imagination redound to their individual advantage. It would be both contrary to general public policy and individually unfair to such fiduciaries to mulct them personally with the expenses of litigations which are in reality not of their choosing in any proper sense. To provide for

such cases, the Surrogate's Court Act wisely provides that in any such litigations, a testamentary fiduciary (which in a broad sense includes a special guardian), especially when acting " in good faith " (Surr. Ct. Act, § 278), shall, whether successful or not, be reimbursed for all expenses incurred in respect to litigation in furtherance of his trust duties.

The third and final basis for allowance is of even less frequent occurrence than the one last noted    This, in certain strictly limited instances, permits the award of an allowance, in other words indemnification for expenses incurred, to others than estate fiduciaries, " in a proceeding to construe a will, or after appeal, in such a proceeding." (Surr. Ct. Act, § 278, last par., as amd. by Laws of 1936, chap. 762.) The reason for this exceptional, and at first sight somewhat anomalous, divergence from usual basic principles of indemnity for expenses, lies in the peculiar nature of a proceeding for construction. Basicly this is an effort by all parties concerned therein to ascertain and interpret the true intent of the testator which, so far as legal, it is the chief purpose of the court to effectuate. (*Matter of Rossiter*, 134 Misc. 837, 839; affd., 229 App. Div. 730; affd., 254 N. Y. 583; *Matter of Weissman*, 137 Misc. 113, 114; affd. on opinion of this court, 232 App. Div. 698.)

The opinion appears to be entertained by a portion of the bar that an allowance awarded in a situation such as has last been noted is a reward to the applicant for " assistance to the court " in the construction proceeding. Such a description, in the vast majority of instances, is, however, pure euphonism. The instances in which counsel, who usually encounter fewer proceedings of this nature in a decade than the average court decides in a month, can be " of assistance " to the court, in any real sense, are extremely rare. The true basis for allowance to parties who fall short of complete success in their contentions is in reality an adaptation of the fundamental basis of costs first above noted, to the unique nature of a proceeding for testamentary construction. It is comparatively rare that the interpretation advanced by any party is either wholly correct or entirely erroneous. Frequently a half dozen or more quasi-issues are presented by the terms of the will. Two, originally presented in the present proceeding, are illustrative of the point. The will created trusts the remainders of some of which potentially restrained the power of alienation of the principal for a period exceeding two lives in being. Joseph G. Lyons, a substantially disinherited son, in essence advanced two contentions, *first*, that these remainders were invalid as violative of section 42 of the Real Property Law, and *second*, that this invalidity so tainted the entire testamentary scheme as to effect total intestacy.

By its original decision (*Matter of Lyons*, 154 Misc. 368) this court sustained the first contention and overruled the second. The tangible result, therefore, was that Joseph G. Lyons was in some small measure successful and was accordingly entitled to enjoy the fruits of such success both in a partial share in the invalid remainder and in an allowance of costs on the basic underlying principle governing their award. The original decree granted the latter to him in the sum of $350.

Joseph G. Lyons appealed from the determination of this court. Such appeal was obviously not directed against the decision in his favor on the first issue noted, but merely against the adverse holding on the second. This, therefore, which had been merely one of several issues before this court, became the sole issue on the appeal. In the Appellate Division he was successful on this sole issue (245 App. Div. 548), and had the matter rested there, his complete success would obviously have entitled him to a greater award of costs for his complete success than that to which he was entitled by reason of the sustaining of his minor contention in this court.

The matter did not, however, rest there. His opponents appealed to the Court of Appeals, again on this sole issue of taint of the entire will by reason of the unquestionably invalid remainders of certain trusts, and this ultimate tribunal unanimously decided against him on this issue (271 N. Y. 204), and with equal unanimity agreed *in toto* with the determination of all issues by this court.

The composite result of the total litigation, therefore, was that Joseph G. Lyons was successful upon a minor point in this court for which he has been duly compensated by costs in the original decree which the Court of Appeals has determined to have been in all respects correct, and he has been wholly unsuccessful in every other aspect and on the sole issue which was the subject of contested appellate determination.

In spite of this total failure, he seeks to induce this court to direct that moneys belonging to other parties be taken from them and awarded to him to recoup the expenditures which he has incurred in his effort to divert an improper amount of the assets of the estate to himself. Were such a procedure obligatory upon this court, its injustice would be well nigh intolerable. Actuated solely by motives of self interest, he has already involved the persons who are entitled to the property of this estate in a long and expensive litigation. Their patrimony has inevitably been impaired by their successful defense of their rights, yet he seeks to exact from them in addition the cost of the legally unjustified attack which they have been compelled to defend. In almost any other court or

connection, such a conception would not only be unthinkable, but this applicant would be compelled to defray the expenses of his successful adversaries.

It remains to be seen whether any statutory enactment compels the court to perpetrate an act of such arrant injustice. This is readily answerable in the negative since even a cursory perusal of article 15 of the Surrogate's Court Act, regulating the subject of costs and allowances, demonstrates that all awards of this nature rest purely within the judicial discretion of the court. As a matter of discretion, therefore, there is ample statutory justification for a denial of any allowance to this unsuccessful applicant in addition to the sum awarded in the original decree.

Even, however, when the matter is pursued further, it is observed that the authority to award costs of appeal granted by section 283 of the Surrogate's Court Act is limited " to the successful party." There remains for consideration, therefore, merely the recent addition (Laws of 1936, chap. 762) to the last paragraph of section 278 of the discretionary authority to make allowances after an appeal in a construction proceeding where, before, the wording expressly authorized such allowance only in the original proceeding before the surrogate.

It is common knowledge in informed circles that the purpose of this addition was merely to resolve the doubt previously existing respecting the authority of the surrogate to exonerate from appeal expenditures fiduciaries and special guardians whose actions were motivated by a sense of duty, and was not intended to revolutionize the basic conceptions of the allowance of costs by their award to wholly unsuccessful individuals whose actions were solely motivated by self interest. The addition, therefore, is properly construable merely as a logical extension of the second underlying principle of costs hereinbefore discussed.

A word of passing comment may be said respecting the fact that after the order of reversal by the Appellate Division and in pursuance to its mandate, this court entered a decree on remittitur which awarded an allowance to Joseph G. Lyons who, for the moment, had prevailed in his contentions. This decree was the result of authoritative compulsion in the nature of *vis major* and would undoubtedly have been correct if the litigation had terminated at that point, being fully supported by the provision of section 283 of the Surrogate's Court Act. The unanimous reversal of the order of the Appellate Division would seem, however, to have carried to destruction with it all acts and things based upon it, including the decree on remittitur (Baylies, New Trials & Appeals

[3d ed.], 771, 772; *Weinberg* v. *Frank*, 25 Misc. 788), especially since the remittitur of the Court of Appeals expressly affirmed the original decree of this court, thereby restoring it to complete effectiveness. This action must accordingly be deemed a nullification of the subsequent decree entered pursuant to the direction of the Appellate Division, since there cannot be two diverse final determinations possessing simultaneous val dity.

In any event, this question possesses little more than academic interest since, pending the appeal to the Court of Appeals, the parties entered into a stipulation authorizing this court fully to reconsider the question of allowance to the attorneys for Joseph G. Lyons in the event of modification of the decision of the Appellate Division.

For the reasons noted, the court denies any allowance whatsoever payable from the estate to the attorneys for Joseph G. Lyons in addition to that awarded in the original decree. This, however, shall not be deemed to preclude an application by them for the fixation of the fees payable to them by their client under section 231-a of the Surrogate's Court Act in the event of their inability to agree thereon.

Only two bills of costs will be taxed, one on behalf of the special guardian for infants and the other on behalf of the attorney who represented all of the other appellants. Allowances to these parties will be granted in the sums requested, namely, $2,000 and $5,000 respectively.

Enter decree, on notice, in conformity herewith.