In the Matter of the Estate of CHARLES GUGGINO, Deceased.*

Surrogate's Court, Monroe County, February 3, 1938.

*Kenneth B. Keating*, for the executor, personally.

*Drew & Drew*, for the residuary legatees.

*Michael L. Rogers*, special guardian.

FEELY, J. The attorney of record for the executor herein now moves for an allowance to him for legal services and disbursements on an appeal to the Appellate Division from a decree of judicial settlement of this testator's estate. The only controversy in the trial court was over the right of the executor as an individual to three bank deposits, which the trial court awarded to him personally. In his individual capacity, the executor was represented throughout by counsel other than the attorney of record for the executor as such. On the appeal, the attorney for the executor as such, the moving party on this motion, although no appeal had been taken by the executor as such, sustained the contention of the appellant residuary legatees by filing a brief.

The appellate court modified the surrogate's decree of judicial settlement by holding title to the bank deposits was ineffectually transferred by testator to the executor individually; and the remittitur surcharged the executor in the amount thereof, to wit, about $12,000.

The statute provides that " When the decree is made after appeal, pursuant to the direction of the appellate court, the surrogate may, in his discretion, allow to an executor, administrator, guardian or trustee such sum as the surrogate deems reasonable for his counsel

---

* See 160 Misc. 768; modfd. and affd., 253 App. Div. 132.

fees and other expenses necessarily incurred on such appeal." (Surr. Ct. Act, § 278.)

Such fiduciaries, by reason of the peculiar nature of their office (*Matter of Lyons*, 160 Misc. 429), stand in an exceptional position in this section 278 of the Surrogate's Court Act, in respect to both costs, and also other reimbursement for services. The right of an executor, as such, to legal assistance, payable out of the estate, as distinct from sums chargeable against his adversary (*Matter of Reimers*, 264 N. Y. 62), is conditioned first on his good faith, and not upon his success; and next on the necessity of engaging such services for the estate.

In this case the appeal resulted in restoring $12,000 to the estate, benefiting mainly the residuaries who were the only appellants, properly so called. The good faith of the executor as such is not questioned. His individual rights were ably presented to the appellate court by other counsel. In regard to the estate's need of aiding the appellant residuaries in recouping the $12,000 denied them by the trial court, it might be said the same result would probably have been reached by the appellants alone, who were well able to take care of themselves. Still, an executor cannot subdelegate, or leave to others, his duty of protecting the estate, regardless of how the benefit is ultimately shared; nor is it material now that the appeal was decided by a divided court, whose ruling may possibly be reversed or modified.

The attorney for the executor as such is entitled to an allowance out of the estate of the sum of $175 and $11.30 disbursements for his legal services on the appeal.

Enter an order in accord with this decision.