In the Matter of the Construction of the Will of CHARLES HAYDEN, Deceased.

Surrogate's Court, New York County, September 17, 1951.

*Walter D. Fletcher, Robert Gerstenlauer* and *N. Loring Bowen, Jr.,* for Sarah Abrams and others, petitioners.

*William Fitz Gibbon* and *Frank F. Stumpf* for Herbert G. Bell and others, individually and as copartners in Hayden, Stone & Co., and another, respondents.

*William M. Parke, George W. Whiteside, Charles Pickett* and *Melvin D. Goodman* for Charles Hayden Foundation, individually and as a limited partner of Hayden, Stone & Co., and others, respondents.

*Nathaniel L. Goldstein, Attorney-General (Corning G. McKennee* of counsel), respondent, in his statutory capacity under section 12 of Personal Property Law and section 113 of Real Property Law.

COLLINS, S. The attorneys for petitioners and the attorneys for respondent Hayden, Stone & Co., ask allowances of counsel fees under section 278 of the Surrogate's Court Act. The statute provides that when a " decree is made in a proceeding to construe a will, * * * the surrogate may, in his discretion, allow to * * * any party to said proceeding, such sum as the surrogate deems reasonable for his counsel fees and other expenses necessarily incurred in such a proceeding ". Petitioners, former employees of Hayden, Stone & Co., instituted a proceeding for construction of the will. They made the present members of the firm respondents in the proceeding and the firm members joined in the prayer of the petition.

The status of petitioners to maintain such a proceeding was challenged at the very outset. Nothing in the text of the will gave them any interest in the estate. Petitioners contended, however, that there was a latent ambiguity in the will and that when the will was read in the light of competent extrinsic evidence, their interest in the estate would stand revealed. Because the arguments were based upon a mass of evidence not yet properly before the court, a determination could not fairly be made without giving petitioners their day in court. The preliminary motion to dismiss the petition was accordingly denied without prejudice. (199 Misc. 721.)

Petitioners thereupon proceeded in an endeavor to prove their allegations. At the conclusion of the hearing they failed completely to show any latent ambiguity in the will or the slightest indication of an intent to give them any benefits, and the petition was accordingly dismissed. (199 Misc. 1097.)

In the judgment of the court, neither petitioners nor respondent Hayden, Stone & Co. are parties to a construction proceeding within the meaning and intent of section 278. Petitioners have been determined to have no status to maintain such a proceeding. Even if the applications for allowances were within the literal text of the statute so that power to make an allowance existed, the court believes that the making of any allowance would be an abuse of discretion. The applications for allowances are accordingly denied.

Decree signed.