George Fraukeuthaler, S.
The court has undoubted power to allow to any party to the proceeding reasonable counsel fees and reimbursement of expenses incurred in connection with the judicial construction of the will by this court and the appellate courts (Surrogate’s Ct. Act, § 278). Matter of Hayden (200 Misc. 758) is not authority to the contrary. In that case, petitioners were not mentioned in the will, their status was immediately challenged, their efforts to prove their interest by extrinsic evidence were wholly unsuccessful, and their petition for construction of the will was dismissed (p. 759). Here the petitioners were explicitly named in the will, the motion to dismiss the petition was denied (119 N. Y. S. 2d 259) and the prayer of the petition was granted to the extent that the court judicially construed the will (130 N. Y. S. 2d 693). The making of an allowance does not depend upon the successful vindication of petitioner’s own interpretation of the will. (Matter of James, 264 App. Div. 885; Matter of Ahrens, 203 App. Div. 30.)
It is beneficial to the estate to have a definitive judicial interpretation of the will. The appeal to the Court of Appeals was by express permission of that court and hence it is idle to argue that there was no real question to be determined and no need to take any appeal. It is of benefit to the foundation to have a definitive decision with respect to the powers which the testator intended it to have and the duties which he intended the trustees to perform. The history of the litigation in this estate justified the persons named in the will in taking the initiative in the construction proceeding (cf. 86 N. Y. S. 2d 78).
In making the allowances the court has not attempted to compensate the attorneys for all legal services rendered by them to their respective clients but rather to appraise the value to *471 the estate generally of the services performed in the construction of the will and it has limited the allowances to such amounts as the general estate should be required to pay. (See Matter of Charles, N. Y. L. J., Sept. 30, 1953, p. 596, col. 3; Matter of Havemeyer, N. Y. L. J., Nov. 6, 1952, p. 1073, col. 4.)
Allowances fixed and supplemental order signed.