Joseph A. Cox, S.
Allowances have been requested by counsel under section 278 of the Surrogate’s Court Act. Payment of such compensation from the general estate is justified because the clarification of the will is beneficial to the entire estate. (Matter of Ablett, 3 N Y 2d 261, 279; Matter of James, 2 Misc 2d 468, 470.) Such allowances may be made for services rendered on the construction of the will; they may not be made for other services rendered to the client. (Matter of del Drago, 178 Misc. 325, affd. 264 App. Div. 718, affd. 289 N. Y. 601.) In fixing the amount of the compensation, the court has endeavored to appraise the value of the services to the estate generally rather than the value to the particular client (Matter of James, supra; Matter of Charles, 2 Misc 2d 928), and such allowances are without prejudice to the right of counsel to seek from their respective clients such additional compensation as may be just and reasonable for the client to pay.
The attorneys who filed no memoranda with the court and took no active part in resolving the question of construction are not entitled to compensation from the general estate. In keeping themselves abreast of the argument and advising their clients of the progress of the litigation, they undoubtedly rendered service to their clients, but their services were not so beneficial to the estate as to justify compensating them therefrom.
Complete the decree and resubmit for signature.