Pierson R. Hildreth, S.
On settlement of the decree in this construction proceeding each of the parties request that the court grant costs and an allowance for their expense incurred for counsel fees pursuant to the provisions of section 278 of the Surrogate’s Court Act.
The question in the proceeding concerned is whether a legacy of 200 shares of General Electric Company stock was a general or a specific legacy. The outcome of the litigation determined whether certain shares resulting from a stock split belonged to a specific legatee or to the residuary legatees. The matter was heard by the Surrogate’s Court, the Appellate Division, and the Court of Appeals. (See Matter of Griffing, 9 N Y 2d 919, affg. 11 A D 2d 709, modfg. 17 Misc 2d 802.) By the original decree of the Surrogate any grant of costs or an allowance was reserved until after the appeals. Costs payable out of the estate to all parties filing separate briefs were allowed by both the Appellate Division and the Court of Appeals.
*267 The proceeding was instituted by the residuary legatees, and the only other party is the specific legatee of the shares. The estate representative was not a party. Thus the present application is for an allowance to parties other than an estate fiduciary for expense incurred for individually retained attorneys. The parties disagree as to the amount and source of payment of whatever costs and allowances may be granted.
Buies which apply to an award of costs or an allowance under section 278 of the Surrogate’s Court Act have frequently been stated. First, such costs or allowance must be expressly authorized by statute, and next the award and amount is discretionary with the court. (Matter of Lyon, 160 Misc. 429.) The purpose of an allowance or grant of costs in a construction proceeding is to provide reimbursement, in full or in part, to a party on account of the expense incurred in obtaining a determination of the meaning of the will and of the rights of the parties. In granting statutory costs or an allowance in a construction proceeding the court does not necessarily determine the full value of the services which the attorney may have rendered to a client. Any such grant is without prejudice to the right of counsel to seek from the client such additional compensation as may be just and proper in the circumstances. (Matter of Gibson, 10 Misc 2d 282; Matter of Charles, 2 Misc 2d 928.) As stated by Surrogate Fbawkekthaler in Matter of James (2 Misc 2d 468, 470-471), the allowance is not necessarily intended as full reimbursement to the party for counsel fees, but “ rather to appraise the value to the estate generally of the services performed in the construction of the will and it has limited the allowances to such amounts as the general estate should be required to pay.” In a construction proceeding the grant of costs and an allowance to a party is not necessarily dependent upon success. (Matter of James, 264 App. Div. 885; Matter of James, 2 Misc 2d 468, supra.) Such costs and allowance is is granted to a party although the decree may direct that any part may be paid to the attorney who rendered the service, and such costs may be made payable by a party, or out of the estate, or fund, or from the share of any person or from both as the Surrogate directs. (Surrogate’s Ct. Act, §§ 276, 278.)
In a construction proceeding whatever allowance is granted may be charged to the general estate and is not usually charged solely upon the share or interest affected for the reason that a construction proceeding clarifying the meaning of a will is deemed beneficial to the entire estate. (Matter of Ablett, 3 N Y 2d 261; Matter of Upjohn, 304 N. Y. 366; Matter of James, 2 Misc 2d 468, supra; Matter of Gibson, 10 Misc 2d 282, supra.) *268 Inasmuch as any allowance to a party for expense incurred for counsel fees is for the purpose of reimbursing the client, the amount allowed cannot exceed the extent of the client’s liability to the attorney. As in any case, the sum allowable depends on all factors involved, but the extent of the interest or fund affected is an important consideration, and an allowance should be reasonably related to the size of the interest affected. (Matter of Curley, 161 Misc. 391.)
The court interprets the retainer agreements as set forth in the affidavits submitted by counsel as meaning (a) that no express agreement to pay a fixed sum for services was made but rather that each client was obligated by an implied agreement to pay their respective attorneys reasonable compensation for services; and (b) as to the specific legatee, that client and counsel made an agreement (the meaning of which is not here determined) as to the extent of client’s obligation for fees in excess of whatever reimbursement was awarded by way of an allowance from the estate.
The value of the 400 shares of General Electric Company stock subject to the outcome of the construction proceeding is stated to be approximately $25,000, and with inclusion of dividends the total amount involved does not exceed $30,000. The specific legatee seeks costs of $321.70, and an allowance for counsel fees of $11,000 all payable from the general estate. The residuary legatees seek costs of $1,016.26 and an allowance for counsel fees of $1,500 payable from the interest of the specific legatee, and they oppose payment of any sum allowed the specific legatee from the general estate. To pay the requested costs and allowances in full from the general estate would mean that the general estate would contribute nearly $14,000 toward determination of the construction questions here involved.
The court is fully satisfied that determination of the issue was necessary and was sought in good faith. If the proceeding had not been brought by the parties it would have been necessarily instituted by the estate representative. Under the decisions cited the parties are entitled to an allowance from the general estate in reimbursement for at least part of the expenses incurred. The respective bills of costs will be allowed and taxed as submitted payable from the estate as directed by the Appellate Division and Court of Appeals.
What portion of the expense for counsel fees should be allowed and paid from the estate is a matter of discretion based on a consideration of all factors present in the particular situation. Accordingly, the court determines that the amount which *269 should ho allowed and paid from the general estate to the parties for counsel fees in this ease is the sum of $6,000, of which $1,500 will he allowed to the residuary legatees and $4,500 to the specific legatee. These sums, together with the respective bills of cost aggregate $7,337.96. These allowances to the parties are without prejudice to counsel seeking from their clients whatever additional sums may be proper under the circumstances and subject to the terms of the retainer agreements and section 231-a of the Surrogate’s Court Act. (See Matter of Woolfson, 158 Misc. 928; Matter of Kane, 2 A D 2d 982.) The decree may provide that the amounts be paid to the respective attorneys of record. In the case of the specific legatee, since there was a voluntary substitution of counsel during the course of the proceedings, the amount allowed may be paid to his attorneys of record jointly or separately in such amounts as the party may specify.
One further contention requires comment. The residuary legatees contend that by virtue of an agreement with the trustee made with the consent of the specific legatee, all assets of the estate except these shares were previously distributed to the residuary legatees, that the trustee now has no estate funds on hand with which to pay costs and allowances, and further that the specific legatee by such agreement agreed that any costs or allowances would be paid solely from the fund or shares involved. The court does not so construe such agreement. It is obvious from the terms of the agreement that all parties including the trustee knew that litigation was pending for a construction of the will, and that upon its outcome the parties might be entitled to costs and allowances which would have to be paid. Although the specific legatee waived issuance of citation in any proceeding to be brought by the trustee to settle its accounts, no such proceeding has ever been brought. If such proceeding had been brought, it would seem to the court that no final decree of distribution would have been made without reservation of sums sufficient to pay any costs and allowances determined by the court to be payable from the general estate (Surrogate’s Ct. Act, §§ 269, 276, 278).
In the opinion of the court, the agreement mentioned contemplated that if it were eventually determined that the general estate should bear all or a portion of the costs and allowances then the estate representative would be required to pay the same, and if sufficient funds had not been retained to do so, the residuary legatees would be required to reimburse the trustee in an amount sufficient to do so. The residuary legatees who are the parties directly affected are parties to this proceeding. *270 Accordingly, the decree to be submitted herein will provide that the amounts granted for costs and allowances will be paid by the trustee to the extent it has funds of the general estate available for that purpose, and to the extent that it does not have such funds, the same shall be paid by the residuary legatees.