In the Matter of the Estate of JULES P. STORM, Deceased.

Surrogate's Court, New York County, June 8, 1962.

*Davidson, Dawson & Clark* for United States Trust Company of New York, as surviving trustee, petitioner. *Paul, Weiss, Rifkind, Wharton & Garrison* for Enid K. Storm and another, respondents. *Bernays & Eisner (Harold D. Klipstein* of counsel), for Mary L. Storm individually and as executrix of Allston E. Storm, deceased, respondent. *Sapinsley & Lukas* for Beatrice Storm, respondent. *Turk, Marsh, Ouchterloney & Kelly* for United States Trust Company, as executor of Langdon K. Storm, deceased trustee, respondent. *Frueauff, Farrell, Johnson & Sullivan* for Marguerite I. Newton, respondent. *Arthur J. O'Leary* for Jane L. Storm, respondent.

S. Samuel Di Falco, S. The decree in this construction proceeding is before the court for settlement. Several of the parties request that the court grant costs and an allowance for their expenses incurred for counsel fees pursuant to section 278 of the Surrogate's Court Act.

This court construed the text of article Tenth of the will so that the son who died without issue was held to have a vested interest in one fifth of the remainder of a trust established for the benefit of his mother and upon termination of the trust (the mother is presently alive) that son's interest in the fund will be payable to his executrix (N. Y. L. J., Jan. 16, 1962, p. 14, col. 7).

The presumptive remainderman of the other four fifths of the trust argues that the one-fifth share which was principally concerned in this construction should bear the entire burden of any fees and that, in the event there is a ruling that the entire fund is to bear the costs, the sums requested are excessive in amount. Another party raises objection to the payment of any allowances to the attorney for the life beneficiary on the ground that she had no interest in the question involved.

The rules which apply to the award of costs and allowances pursuant to section 278 of the Surrogate's Court Act have been enunciated on many occasions. They apply to the instant case and will be repeated so as to indicate the court's guideposts in fixing the allowances.

Costs and allowances in a construction proceeding must be expressly authorized by statute and the award and amount thereof are purely discretionary with the court (*Matter of Lyon,* 160 Misc. 429). Such an allowance is intended to provide reimbursement in full or in part to a party on account of the expense incurred in obtaining a determination of the meaning of the will and the rights of the parties. The court in fixing these allowances does not necessarily determine the full value of the services which the respective attorneys may have rendered to their clients. The awards made in this case are without prejudice to

the right of counsel to seek from their clients any additional compensation that may seem just and proper in the circumstances (*Matter of Charles,* 2 Misc 2d 928; *Matter of Gibson,* 10 Misc 2d 282.). Surrogate FRANKENTHALER stated in *Matter of James* (2 Misc 2d 468, 470–471) the allowance is intended "to appraise the value to the estate generally of the services performed in the construction of the will and it has limited the allowances to such amounts as the general estate should be required to pay." In a construction proceeding the grant of an allowance does not necessarily depend upon success (*Matter of James,* 264 App. Div. 885; *Matter of James,* 2 Misc 2d 468, *supra*). Finally, any allowance granted may be charged to the general estate and is not in the usual case charged solely to that share or interest affected, for the reason that a construction proceeding clarifying the meaning of a will is deemed beneficial to the entire estate (*Matter of Upjohn,* 304 N. Y. 366; *Matter of Ablett,* 3 N Y 2d 261; *Matter of James, supra; Matter of Gibson, supra*).

While this construction question was immediately concerned with the one-fifth share of the recently deceased son, the text construed is applicable to the entire fund and may become operative with respect to the other share. In any event the most important factor is that this construction has clarified the meaning of this will and therefore benefits the entire estate. Accordingly the allowances fixed herein are to be borne by the entire fund.

Next, the court is asked to deny any allowance to the attorney for the life beneficiary because she allegedly had no interest in this question. In the event the court had found intestacy with respect to any part of the trust the widow of the testator, as a distributee of another son who survived the testator but is since deceased, might have had some interest in such intestate share. Her attorney assisted the court in construing this will and there is no reason why he should not be similarly situated as any other party who seeks an allowance for these services.