Millard L. Midonick, S.
There are pending before the court applications to fix attorneys’ fees pursuant to subdivision 6 of SCPA 2302 in a proceeding pursuant to SCPA 1421 to determine the validity of an election filed by the widow of the decedent.
*356 Surrogate Silverman in a prior decision (61 Misc 2d 317, affd. 33 A D 2d 760, mot. for lv. to app. den. 26 N Y 2d 610) determined in this 15 million dollar estate that the widow does not have a right to elect to take against the will. It was the widow’s contention that because the will provided alternative dispositions for her benefit and because she was required to make a choice between them, she was entitled to take an elective share outright. She claimed one half of the estate, despite the fact that under the second alternative she was given what amounts to the statutory minimum under the provisions of section 18 of the Decedent Estate Law, now EPTL 5-1.1. In the proceeding instituted by the widow to determine the validity of her election a cross petition was filed by the executors, asking for a construction of the will. Another question, requiring interpretation, was raised by reason of a provision made in the will for charities. There was a possibility that these gifts were beyond the statutory limitation of section 17 of the Decedent Estate Law, now EPTL 5-3.3. Disposition of the issue regarding the charitable dispositions was deferred until the determination of the validity of election proceeding. Surrogate Silver-man’s decree in the construction proceeding also deferred for later application any allowances to counsel for services rendered in the proceeding which involved a construction of the will.
The present application is by the attorneys representing Danish relatives, who under the will took cash legacies and annuity interest aggregating $400,000, and other named individual legatees. The decedent left his entire estate, including the remainders of the alternative trusts provided for the widow,to specified and unspecified charities. The attorneys for the only specified charity, the Memorial Hospital for Cancer and Allied Diseases, also ask for a fee. The counsel for the widow and counsel for the executors, who also participated in the validity of election proceeding, make no application for fee pursuant to subdivision 6 of SCPA 2302 in connection with the construction of the will.
These law firms in behalf of their clients resist allowance of attorneys’ fees from the general estate on two grounds.
It is first argued that a proceeding under SCPA 1421 empowering the Surrogate to make a determination of the validity of an election is not a proceeding to construe a will in which the court is authorized to grant allowances (citing Matter of Curley, 161 Misc. 391, and this language in Matter of Liberman, 6 N Y 2d 525, 530-531 [1959]: “ Where the question is one of statutory construction, or where the intent of the testator is clear, *357 and the court need only determine whether the requirements of a statute such as [EPTL 5-1.1] have been met, the proceeding is not one to construe a will (Matter of Del Drago, 264 App. Div. 718 [1st Dept.], affd. 289 N. Y. 601; Matter of Mills, 272 App. Div. 229 [1st Dept.], affd. 297 N. Y. 1012; Matter of Richmond, 276 App. Div. 271 [4th Dept.], motion for leave to appeal denied 301 N. Y. 816; Matter of Schwartzkopf, 205 Misc. 1027 [Surr. Ct.]; Matter of Webster, 178 Misc. 345 [Surr. Ct.]).”
It is well settled that if the issues litigated in the validity of election proceeding relate to the status of the parties, for example, the relationship of husband and wife, depending upon the facts ulterior to the will, the proceeding is not a construction proceeding and allowances may not thereupon be awarded to the unsuccessful party. (Matter of Liberman, supra.) Also, where only the question of statutory construction is involved and where it is necessary for the court merely to read a will expressing a clear intent to determine whether the requirements of statutes have been met, it is not necessary to construe the will. (28 Carmody-Wait 2d, New York Practice, § 167:12, p. 161 [citing cases].) Where the intent of the testator is in doubt, however, and the language is ambiguous and where it is necessary to determine what the intent may be, the proceeding is one to construe a will.
Where the widow brought an election proceeding contending that her rights in the estate were submerged in a single trust and subject to vitiation for the benefit of others, the court held that the exercise of the right of election was wholly dependent upon the construction and effect of the provisions of the will, and authorized allowances (Matter of Schnitzer, 14 Misc 2d 895). In Matter of Liberman (6 N Y 2d 525, supra) the Court of Appeals affirmed my colleague, Surrogate Di Falco, after reversal by the Appellate Division in a validity of election proceeding, saying that where the question of proper interpretation of the will was strongly litigated, it was desirable to avoid the multiplicity of litigation that would arise out of an independent construction proceeding. The Court of Appeals held that where the surviving spouse is uncertain as to whether her rights under the statute have been satisfied because of language whereunder the intent of the deceased spouse is murky, the surviving spouse should not necessarily have to obtain a clear definition of these provisions at the risk of expensive counsel fees personally paid (p. 532). Surrogate Di Falco’s award of allowances pursuant to section 278 of the Surrogate’s Court Act (now SCPA 2302, subd. 6) was sustained.
*358 It is true that in this case the surviving spouse’s attorneys seek nothing. But what the Court of Appeals said of the wife’s attorneys in Liberman has equal force with respect to those counsel who, in the protection of their clients’ rights, were required to resist the widow’s election. The test is the language of the will, and my predecessor, Surrogate Silverman, in his decision relating to the will analyzed its provisions and construed it.
It is apparent that there was considerable doubt as to the intent of the testator and it cannot be said that the language of the will was clear and unambiguous.
Tlie allowance of costs is discretionary. (Matter of Richmond, 63 App. Div. 488, 494; Matter of Reimers, 264 N. Y. 62, 65.) The applicants have achieved a measure of success in this election proceeding and their clients are entitled to costs by way of allowances. This is not a case where only status was involved or where it was simply necessary to read the clear and unambiguous language of a will and apply it to the provisions of a statute.
The second ground for resistance relies heavily on Surrogate Silverman’s decision in Matter of Sinclair (56 Misc 2d 554) wherein it was ruled that the attorneys for contesting charitable legatees of an estate in a construction proceeding represent their own clients and are not entitled to fees from the estate. It was held that each party should expect to bear its own attorneys’ fees where, as in that case (a) each attorney represents only his own client who is not acting in a representative capacity and who is not a person under disability; (b) the dispute is as to the disposition of an immediately available fund; (c) success will enure to the immediate benefit of the attorney’s own client only, and (d) there is no question of future interests involved.
The attorneys for the Memorial Hospital were required not only to protect the interest of their own client, the only charitable legatee named, but along with the statutory representative of unnamed charities, the Attorney-General of the State of New York, they were required to fight the battle for all charities in resisting the widow’s election. Had the widow been successful, the amount ultimately payable to charities would have been seriously depleted. Unlike the Sinclair case, these attorneys (a) did not represent only their own client, (b) the disposition of an immediately available fund was not involved, (c) success did not enure to the benefit of these attorneys’ own client only and (d) future interests were involved. This *359 applies with equal force to the attorney who appeared in behalf of the relatives and the named legatees, because if the widow succeeded and took outright one half of the decedent’s estate, it automatically followed that the amounts provided for charity would be within the maximum statutory limitation of section 17 of the Decedent Estate Law (now EPTL 5-3.3). The widow’s application in effect was a threshold question in the second branch of the case which was ultimately settled. The result in Matter of Sinclair (supra) was fair in that case. It met the standards clearly enunciated by Surrogate Silverman. This present case does not meet those tests.
In a construction proceeding whatever allowance is granted may be charged to the general estate and is not usually charged solely upon the share or interest affected for the reason that a construction proceeding clarifying the meaning of a will is deemed beneficial to the entire estate. (Matter of Ablett, 3 N Y 2d 261; Matter of Upjohn, 304 N. Y. 366; Matter of James, 2 Misc 2d 468; Matter of Gibson, 10 Misc 2d 282.)
In my opinion, the facts in this case warrant the granting of the application pursuant to subdivision 6 of SOPA 2302. I have fixed the fees exercising my discretion (Matter of Lyons, 160 Misc. 429). The purpose of these allowances in this proceeding is to provide reimbursement to the parties requesting the same on account of their expenses in obtaining a determination of the meaning of the will and of the rights of the parties. The court does not necessarily determine the full value of the services which these attorneys have rendered to their clients. These allowances are without prejudice to the right of counsel to seek from their respective clients such additional compensation as may be just and proper in the circumstances. (Matter of Gibson, supra; Matter of James, supra.)
As my predecessor, Surrogate Frankenthaleb, indicated in Matter of James (2 Misc 2d 468, 470-471): the allowance is not necessarily intended as full reimbursement to the party for counsel fees “ but rather to appraise the value to the estate generally of the services performed in the construction of the will and it has limited the allowances to such amounts as the general estate should be required to pay.” In fixing the|e allowances, I have considered all factors, including time spent, the amount involved, and to some degree the result achieved. While these parties achieved a favorable result, under the cases above cited allowances in a construction proceeding do not necessarily depend upon success.