John M. Keane, S.
By his will Joseph S. O’Neil set aside one half of his stock in the iG-eorge F. O’Neil Bealty Corporation, the principal asset of his estate, in trust for the benefit of his brother, Albert M. O’Neil, as the life beneficiary, with the remainder to three named nephews and a niece who were children of a deceased .sister, Caroline O’Neil Byan. When Albert M. O’Neil died on April 10, 1970 there was almost $50,000 of accumulated income which .had not been paid .to him. The accumulated income represented about 20% of the total funds on hand when the trust terminated.
An interpretation of the decedent’s will was necessary to determine whether the accumulated income was payable to the estate of Albert 'M. O’Neil, the deceased life beneficiary, or to the four remaindermen who succeeded to the corpus of the trust. In a decision reported at 68 Mise 2d 634, this court determined that the accumulated income at the time the trust terminated belonged to the estate of Albert M. O’Neil, the deceased life beneficiary.
Albert M. O’Neil died intestate. Since one of the accounting parties was also the administrator of the estate of Albert M. O’Neil the ultimate beneficiaries in his estate were made parties to this proceeding under subdivision 10 of SOPA 2210. Counsel for the corporate fiduciary in its capacity as administrator of the estate of Albert M. O’Neil, and counsel for Jane Weed Salt, one of the distributees of Albert M. O’Neil, have requested allowances pursuant to subdivision 6 of SOPA 2302 for services rendered in the construction aspect of this accounting proceeding.
*447 Counsel for the distributee, Jane Weed Salt, has requested that any allowances be charged against the corpus of the trust and not against the accumulated income, citing Matter of Ablett (3 N Y 2d 261) and Matter of Upjohn (304 N. Y. 366). Counsel for the estate of Albert M. O’Neil have taken no position on the allocation of any allowances that might be made.
At the time of the court’s prior decision, it was concerned primarily to whom the accumulated income should be paid. Now that applications have been made for allowances, the court believes it must, in equity, ascertain upon whom the burden of any allowances will fall.
A brief review of the will of the decedent is in order. Joseph S. O’Neil was survived by a sister, Jane O’Neil Weed, and a brother, Albert M. O’Neil, plus three nephews and a niece who were children of a deceased sister, Caroline O’Neil Ryan. One half of the stock constituting the principal asset of his estate was placed in trust for the benefit of his sister, Jane O’Neil Weed, with the remainder upon her death payable to her daughter, Jane Weed Salt. The other one half was placed in the trust with which this proceeding is involved and was for the benefit of his brother, Albert M. O’Neil, with the remainder to the three .nephews and a niece, who were the children of his deceased sister, Caroline O’Neil Ryan.
When Jane O’Neil Weed died, the corpus of that trust passed to her daughter, Jane Weed Salt. In the trust before the court, the corpus will pass to a surviving niece of the decedent and to the fiduciaries of the estates of the three deceased nephews. All of the.deceased nephews left descendants surviving.
Thus, when Albert M. O’Neil died intestate, his distributees were Jane Weed Salt, daughter of Jane O’Neil Weed; Caroline Ryan Foulke, a surviving daughter of his deceased sister, Caroline O’Neil Ryan; together with the grandnephews and grandnieces who were children of' the three deceased sons of Caroline O’Neil Ryan. Thus his estate will be divided into five equal parts.
The corpus of the trust in this proceeding will be divided into four equal parts. One part will be paid to Caroline Ryan Foulke, the niece of the decedent. The other three parts will be paid equally to the fiduciaries of the estates of the three deceased nephews of the decedent.
The accumulated income eventually will be divided into five equal parts for the distributees of Albert M. O’Neil. One *448 part will be paid to Jane Weed Salt. One part will be paid to Caroline Ryan Foulke. The other three parts will be paid per stirpes to the descendants of the three deceased nephews who were sons of Caroline O’Neil Ryan.
Except for the 20% of accumulated income payable to Jane Weed Salt, the disposition of the corpus and the accumulated income are substantially the same. They would be exactly the same if the descendants of the three deceased nephews received the same share under the respective wills of their parents as they do in an intestacy. The court has no knowledge of the provisions of the wills of the deceased nephews in respect to their children.
Counsel for Jane Weed Salt seeks to avoid the burden of any legal expenses on her part by having the allowance charged to the corpus of the trust. The court agrees with counsel for Jane Weed Salt that usually in a construction proceeding any allowances made are charged to the fund as a whole. Allowances are made even to counsel for an unsuccessful party on the basis that they, too, would have been of assistance to the court in reaching a determination of the language involved in the will.
In both Matter of Ablett (3 N Y 2d 261, supra) and Matter of Upjohn (304 N. Y. 366, supra), where the allowances were charged to corpus, part of the charge was borne by the person most directly affected, one whose position was analogous to that of Jane Weed Salt here.
Counsel for Jane Weed Salt has represented only his own client here. Otherwise, the 20% of the accumulated income payable to Jane Weed Salt would have been divided among the same group as received the remainder of the trust corpus. In equity, the court believes it would be unfair for Jane Weed Salt to escape completely without shouldering a fair burden of any allowances made for services rendered for the assistance of the court by counsel, including her own, who have appeared in this accounting proceeding.
Counsel for the estate of Albert M. O’Neil will be allowed $1,200, and counsel for Jane Weed Salt will be allowed $800. Both of said allowances, and the allowance to the guardian ad litem, will be charged against the accumulated income payable to the estate of Albert M. O’Neil. In this way Jane Weed Salt will bear a fair share of the above allowances.
The court considers the following language from Matter of Storm (35 Misc 2d 275, 276-277) appropriate here: “ The court in fixing these allowances does not necessarily deter *449 mine the full value of .the services which the respective attorneys may have rendered to their clients. The awards made in this ease are without prejudice to the right of counsel to seek from their clients any additional compensation that may seem just and proper in the circumstances.”
Counsel for the petitioners will be allowed a sum for services and disbursements in the amount as requested, payable out of the corpus.