Michael A. Telesca, S.
Claiming to be entitled to attorney’s fees out of the general estate assets which are the subject of this construction proceeding, the Attorney-General, through its Charitable Foundation Bureau, has requested an allowance pursuant to SCPA 2302 (subd 6).
The trustees under the will of Fayette B. Dow petitioned this court, inter alia, for a determination as to the construction of the will of the testator. The Attorney-General appeared in the proceeding on behalf of the ultimate charitable beneficiaries. By decisions dated April 14, 1975 (Matter of Dow, 81 Misc 2d 506) and August 14, 1975, this court rendered its determination of the issues presented. Appeals from the final decree were taken and by decision dáted January 14, 1977, the Appellate Division, Fourth Department, affirmed this court’s determination with slight modification (Matter of Dow, 55 AD2d 323). Appeal was then taken to the Court of Appeals; but the parties settled their disputes and the appeal was discontinued.
The Attorney-General now has requested that this court grant him an award of a legal fee commensurate with the fees received by other attorneys involved in this proceeding because "we expended considerable time and effort in this matter on behalf of our statutory wards and feel that a fee from the substantial assets involved herein is justifiable, necessary and proper”. The statutory authority for making such an allowance, it is argued, is SCPA 2302 (subd 6), which provides: "In a proceeding to construe a will or after appeal in such a proceeding, pursuant to the direction of the appellate court the court may award to a fiduciary or any party to the proceeding such sum as it deems reasonable for his counsel *952 fees and other expenses necessarily incurred in the proceeding or on the appeal”. (Emphasis added.)
Allowances in a construction proceeding "must be expressly authorized by statute and the award and amount thereof are purely discretionary with the court” (Matter of Storm, 35 Misc 2d 275, 276; see, also, Matter of Griffing, 31 Misc 2d 266, 267). Construction proceedings clarify the meaning of the will; they, therefore, are deemed beneficial to the entire estate (Matter of Ablett, 3 NY2d 261). Since the parties have been of assistance to the court in construing the will, they are reimbursed "on account of the expenses incurred in obtaining a determination of the meaning of the will and the rights of the parties” (Matter of Griffing, supra, at p 267; see, also, Matter of Levin, 57 Misc 2d 201).
The role of the Attorney-General in a construction proceeding, however, is substantially different from the role of the other parties. His appearance in this proceeding was mandated by EPTL 8-1.1 (subd [f|), which provides: "The attorney general shall represent the beneficiaries of such dispositions for religious, charitable, educational or benevolent purposes and it shall be his duty to enforce the rights of such beneficiaries by appropriate proceedings in the courts” (emphasis added). He, therefore, "is the representative of the beneficiaries of dispositions for religious, charitable, educational and benevolent purposes. The beneficiaries referred to are the ultimate recipients, the members of the public intended to be benefited” (Greenfield, Practice Commentaries, McKinney’s Cons Laws of NY, Book 17B, EPTL 8-1.1, 1976-1977 Pocket Part, p 97). Unlike the other parties to the proceeding, the Attorney-General’s compensation and that of his staff are determined and limited by statute (Executive Law, §§ 60, 62) and are paid by the State through its general funds collected from the public at large.
Notwithstanding the fact that his compensation is prescribed by statute, the Attorney-General nevertheless has cited some authority in support of his position that he is entitled to an allowance from the assets of the estate. In Allen v Stevens (161 NY 122), the Court of Appeals approved the award of a large allowance, payable out of the estate, to special counsel appearing on behalf of the Attorney-General in an equity proceeding on the ground that the award was discretionary and not subject to review unless it exceeded statutory limits. In Matter of Lawrence (NYLJ, Aug. 10, 1976, *953 p 9, col 1), the Surrogate awarded the Attorney-General counsel fees with the hope that he would "use such fees to establish a fund to pay the expenses of his exceptionally capable uncompensated summer student assistants who are of great assistance to the courts”. These cases did not squarely face the issue presented herein, and may not be considered conclusive authority for the granting of the requested allowance in light of the significantly more persuasive holding in Matter of Attorney-General v Continental Life Ins. Co. (88 NY 571). The Attorney-General, as required by statute, had obtained the appointment of a receiver for an insolvent insurance company and had overseen the management and distribution of the assets for the protection of the policy holders and creditors. In disapproving an allowance to the Attorney-General for services of special counsel employed by him in the proceeding, the court held, in pertinent part, as follows: "The general policy of the State is to compensate its officers by fixed salaries * * * It is inconsistent with the duty imposed by * * * [statute] that the attorney-general should be placed in the attitude of applying to the court for allowances to his own assistants. The State intervenes, as parens patriae, for the protection of the fund, and those beneficially interested, and it is not consistent with its dignity, nor was it, we think, contemplated, that the value of the services of its agents in the execution of this voluntary trust, should be a charge upon the assets of the insolvent corporation * * * [T]o permit the State to participate in the division of the assets of insolvent corporations in the hands of a receiver, under a claim for discretionary allowances * * * is * * * contrary to principle and to the policy of our legislation.” (Matter of Attorney-General v Continental Life Ins. Co., supra, pp 575-576.)
That the rationale enunciated in Matter of Attorney-General v Continental Life Ins. Co. (supra), for the denial of the requested allowance is applicable to the issue presented herein as demonstrated by an examination of decisions of other States which have reached this precise question. Citing Matter of Attorney-General v Continental Life Ins. Co. (supra), the courts of Minnesota and Oregon have held that the Attorney-General was not entitled to charge a charitable trust fund with attorneys’ fees incurred while representing the State in litigation involving the trust (Bush v Arrowood, 293 Minn 243; Wemme v First Church of Christ Scientist, 110 Ore 179). The Superior Court of New Jersey reached the same conclusion, *954 stating: "The State, through the Attorney-General, is in the position of parens patriae and represents the entire public of this State in connection with all charities. It is performing one of its basic functions, i.e., the protection of the common interest therein. To make an allowance such as here sought would result in casting the burden of litigation involving a charitable trust upon the particular trust so concerned in specific litigation and remove the burden from the public at large. * * * The services rendered by the Attorney-General were for the public at large and not for a special private group. This being so, the public at large must stand the burden, since the public receives the benefit.” (Matter of Katz, 40 NJ Super 103, 108-109; see, also, Thatcher v City of St. Louis, 343 Mo 597; Beck v Good, 147 Kan 578, 581-583, 585.)
It is evident that these cases represent not only the majority rule in this country, but also the correct rule. The State, as parens patriae, is the representative of the charitable beneficiaries in this construction proceeding and enforces its rights through the Attorney-General, who is the protector of the common interests of the beneficiaries. The Attorney-General appeared in this proceeding not to assist this court in construing the will, but because he was duty bound by statute to appear and advance that construction which would uphold the charitable bequests even if that construction were detrimental to the over-all testamentary scheme and even if it were at cross-purposes with his own wards (see Matter of Notkin, 45 AD2d 849). It is the general public that the Attorney-General represents in this construction proceeding, and it is the general public, not the estate, that benefits from that representation. The expense of that representation, therefore, must be borne by the public at large and not by the individual beneficiaries of the estate. The Attorney-General has an obligation to prevent the depletion of the charitable bequests; yet, since any allowances awarded in a construction proceeding are charged against the general estate assets (see Matter of Ablett, 3 NY2d 261), the beneficiaries of the estate, charitable or otherwise, would be compensating the Attorney-General both through the general taxing powers of the State and through an allowance levied against their interests. This double form of taxation was not contemplated by SCPA 2302 (subd 6), and is in derogation of the Attorney-General’s obligations.
For the reasons above stated, this court holds that SCPA
*955 2302 (subd 6) was not intended to permit the Attorney-General to supplement his appropriated budget by means of discretionary allowances charged against estates which are the subject of a construction proceeding. The Attorney-General’s request for an allowance, therefore, is denied.